HENRY WILLIS ET AL *vs.* GRAND TRUNK RAILWAY COMPANY.

*Common carriers—liability for goods conveyed.*

The objection that the verdict is against law, because the bill of lading signed by the defendants' agent had printed upon it, among other notices and conditions, a notice that the company would not be responsible for any deficiency in weight or measure of grain in bags or bulk, is overruled upon the ground that the law is now well settled that common carriers cannot stipulate for exemption from responsibility for losses occasioned by the negligence of themselves or their servants; the plaintiffs' action being based on the alleged negligence of the defendants.

The objection that the evidence is not sufficient to support such a claim is overruled, upon the ground that the verdict is not so clearly against evidence as to justify the court in setting it aside.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL, because the verdict is against the law and evidence.

The action was case for a short delivery of corn sent over the Grand Trunk Railway on its way from Chicago to the plaintiffs, at Auburn, Maine, the deficiency alleged being little over eight thousand pounds, worth about a hundred and sixty dollars. The defence was that the defendants' bill of lading, or railway receipt, given to the plaintiffs, contained an express condition, or notice, that the company would "not be responsible for any deficiency in weight or measure of grain, &c., in bags or in bulk," which the defendants' counsel (substantially) requested the court to instruct the jury was a bar to this suit, but the presiding justice held the contrary, and the defendants excepted. The verdict was for $179.86.

*Morrill & Wing*, for the plaintiffs.

*J. & E. M. Rand*, for the defendants.

WALTON, J. It is now well settled that common carriers cannot stipulate for exemption from responsibility for losses occasioned by the negligence of themselves or their servants. *Sager v. Railroad*, 31 Maine, 228; *N. Y. C. Railroad v. Lockwood*, 17 Wallace, 357.

In the case last cited the authorities are more fully collated, and the question more exhaustively discussed, than in any other case with which we are acquainted.

The plaintiffs' action is based on negligence. They aver that they delivered to the defendants to be carried, a certain quantity of corn, and that "by want of due care and preservation," a portion of it was lost. If this allegation is proved, the plaintiffs are entitled to recover, notwithstanding the notice printed on the margin of the bill of lading that the defendants would not be responsible for any deficiency in weight or measure of grain in bags or in bulk. If such a deficiency is occasioned by their negligence or the negligence of their servants, the law makes them responsible, and will

not permit them to exonerate themselves by any notice, condition or stipulation whatever.

The quantity of grain shipped, the quantity received, the quantity, if any, which was lost, and if lost, whether by the negligence of the defendants or otherwise, were of course questions of fact for the jury. We do not think their verdict is so clearly against evidence as to justify the court in setting it aside.

*Motion and exceptions overruled.*

CUTTING, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.