No. 7035.

KNOWLTON *v.* THE SCHOOL CITY OF LOGANSPORT.

PLEADING.—*Complaint.—Conversion.—Demand.*—An averment of a demand, if otherwise necessary, is not required if a conversion is alleged in the complaint.

SAME.—*Answer of Payment to Another for Plaintiff's Use. — Cities and Towns.*—In an action by a school city against one who had been president of its board of school trustees, for conversion of money collected by him for plaintiff, an answer that he paid it over to another, who had been trustee and treasurer of such board, but with himself legislated out of office, and who is a responsible resident of the city, and ready to account and settle with plaintiff, is insufficient on demurrer.

CONVERSION.—*Ratification of Act by Suit.—Payment to Another.—Demand.*— In an action for conversion, the plaintiff, by suing, ratifies the defendant's act in making a collection of money for plaintiff; but the ratifi-

cation does not confirm his act in turning it over to another. In legal contemplation, his delivery of the money to one having no authority from the plaintiff to receive it is a conversion, and makes him liable to an action without demand.

SAME.—*Recoupment.*—*Expenses of Collection.*—*Time Employed.*—*Ratification by Suing Limited.*—In such action, where it appears that the defendant made the collection without authority, an answer claiming for expenses of collection shows no ground for recoupment. The ratification implied by suing extends only to the act of collection, and does not embrace the time employed or expenses incurred before or after the collection.

AGENCY.—*"Receiving" and "Paying Out."*—*Authority not Implied.*—Receiving and paying out are two things, and the authority of an agent to do the one by no means implies the power or right to do the other.

From the Cass Superior Court.

*M. Winfield* and *Q. A. Myers*, for appellant.
*D. B. McConnell*, for appellee.

WOODS, J.—Complaint in two paragraphs by the appellee against appellants, in substance as follows:

*First.* That heretofore, to wit, on the first day of September, 1875, the defendant unlawfully and fraudulently collected and received of and from the "Republic Insurance Company," of Chicago, Illinois, through and by her legally appointed and qualified receiver, the sum of five hundred and eighty dollars, belonging to the plaintiff, upon the false and fraudulent representation then and there made by him to said receiver, that he was the agent of the plaintiff for the receipt and collection of said money; that the defendant concealed from the plaintiff the fact that he had collected and received said money, and has converted the same to his own use, and withholds the same from the plaintiff, etc.

*Second.* That the defendant is indebted to the plaintiff in the sum of six hundred dollars, money belonging to the plaintiff and due her from the "Republic Insurance Company," of Chicago, Illinois, of which the defendant, sometime in the year 1875, unlawfully, fraudulently and without authority, obtained possession, and, without the knowledge

Knowlton *v.* The School City of Logansport.

or consent of the plaintiff, corruptly converted the same to his own use, etc.

A demurrer to each paragraph of the complaint, for want of facts sufficient to constitute a cause of action, was overruled, and an exception to the ruling duly saved. The defendant filed an answer, consisting of a general denial and seven special paragraphs, to the fourth, sixth, seventh and eighth of which demurrers were sustained; and exceptions to these rulings were also saved. But counsel for the appellant have confined their argument to the sixth and seventh paragraphs, which are, in substance, as follows:

6th. That when said claim accrued, the defendant was the president of the board of trustees of the plaintiff's corporation, and that William Dolan, another member, was treasurer; that, while the board was thus organized, by authority of the board this defendant instituted proceedings in Chicago to collect said claim, and employed an attorney; that afterward, by an act of the Legislature of the State, the defendant and said Dolan were legislated out of office, and an entire new set of school trustees were elected; that pending the settlement between the treasurer, Dolan, and the new trustees, composing the plaintiff, and before all matters had been settled between them, this defendant collected said money and paid over the same to William Dolan, the treasurer of the old board, to be by him accounted for to the plaintiff, before any demand was made upon the defendant for the money; that the defendant informed the plaintiff, before the commencement of this suit, that he had paid over all of said money to said Dolan, who still has the same, and who was and still is a resident of said city of Logansport, and was and still is amply responsible, and ready to account for said money to the plaintiff; that when he collected said money he was not trustee, but that there were complications about the matter known only to himself, and, in the interest and for the benefit of the plaintiff, he made

the collection and at once paid the money over to the said Dolan, who, as treasurer, as before stated, had an unsettled account with the plaintiff, with the request that he, Dolan, at once account to the plaintiff for said money, in his settlement; and the defendant denies that he acted fraudulently, but says that he acted in good faith, and never converted said money or any part thereof to his own use; but said Dolan holds said money, and is ready and willing, as he is informed, to settle with the plaintiff.

7th. By way of recoupment, the defendant says that he admits the collection of the money, except that he denies the fraud charged; but that his legitimate, lawful and necessary expenses in collecting were seventy-five dollars, as follows: Railroad fare to Chicago, ten dollars; hotel bills in Chicago, fifteen dollars; paid attorney in Chicago employed by plaintiff to collect said money, fifty dollars; all which expenses were necessary and unavoidable.

The only objection urged against the complaint is, that there is no averment of a demand made upon the defendant before the bringing of the suit; but there is nothing in this objection, because each paragraph of the complaint contains a distinct averment that the defendant had converted the money sued for to his own use. The rule is familiar, that an averment of a demand, if otherwise necessary, is not required if a conversion is alleged.

There was no error in sustaining the demurrer to the answers. The denial in the sixth paragraph of the alleged conversion amounted to no more than the general denial, and the other averments in that answer were clearly insufficient to show a defence to the action. It is true, as counsel for the appellant contend, that, by suing the appellant for the money, the plaintiff ratified his act in making the collection, but the ratification goes no further. It does not confirm his turning the money over to Dolan, who had ceased to be the treasurer of the plaintiff, any more than it would be a justi-

fication for any other disposition which the defendant might. have chosen to make of it ; as, for instance, giving it to a stran-- ger, burning or throwing it away. In legal contemplation, his delivery of the money to Dolan, who had no authority from the plaintiff to receive it, was a conversion by the defendant, and made him liable to an immediate action by the plaintiff without demand, even if otherwise a demand: had been necessary.

The seventh answer shows no ground for recoupment. The defendant made the collection without authority. The: ratification of his act, which is implied from the bringing of the suit, extends only to the act of collection, but does not: embrace either time employed or expenses incurred before or after the collection. The plaintiff had a right to choose her own agencies, and to provide as best she might against the incurring of unnecessary expense incident to the collec-- tion ; and the law does not encourage such unsolicited intru-- sion as was that of the defendant, by declaring that an ac-- ceptance and ratification of his act shall entitle him to claim anything for services, or expenses, such as are claimed in this: case. Having obtained money which belonged to the plain-- tiff, the plaintiff was entitled to claim of him the whole sum: which he received, undiminished by his railroad fares or hotel bills ; and he had no right, after receiving it, to pay out the: money or part thereof, to attorneys, or to any others, who had, or claimed to have, demands against the plaintiffs. Re-- ceiving and paying out are two things, and the authority to do one by no means implies the power or right to do the other..

The judgment is affirmed, with costs.