No. 8457.

BENSON, ADM'R, *v.* LIGGETT.

PRINCIPAL AND AGENT.—*Ratification.*—*Decedents' Estates.*—A., without authority, received for B. money derived from the sale of real estate by a commissioner in partition, and notified B. of the fact; B. disputed the validity of the sale and refused to accept or have anything to do with the money; thereupon A. loaned the money to C. who was then solvent, but afterwards became insolvent, taking C.'s note, payable to B. *Held,* that A.'s administrator was liable to B. for the money so received. *Held,* also, that the bringing of the suit ratified the receipt of the money by A., but not the loaning.

SAME.—*Authority to Loan Does not Authorize Loan without Security.*—*Trust and Trustee.*—An agent or trustee, with authority to loan, may not loan on the unsecured obligation of the borrower, much less one who has no authority beyond what is implied from possession and the duty to keep safely.

From the Cass Circuit Court.

*D. B. McConnell,* for appellant.

*R. Magee* and *N. O. Ross,* for appellee.

WOODS, J.—The appellee filed his claim against the appellant as administrator of the estate of Mary Liggett, for money received by the deceased in trust for the appellee from John Davis, commissioner in partition for the sale of real estate in which the appellee had an interest. The appellant insists that the circuit court erred in sustaining a demurrer for want of facts to the fourth paragraph of his answer, which was in substance as follows:

" That the decedent, while ·in life, as the attorney of the plaintiff, with general authority to manage the plaintiff's property in Indiana, received from John Davis, commissioner, a certain sum of money, purporting to be the share of the plaintiff in certain real estate ; that, immediately upon receipt of the money, she notified the plaintiff of the fact, and that she held the money subject to his order ; that the plaintiff denied the validity of the sale, and positively refused to accept the money, told her to keep it, and that he never would take it ; that thereupon the decedent, having no use for the money and no safe way of keeping it, loaned it in the name of the plaintiff to one Charles B. Lasselle, taking his note therefor ; that she exercised the utmost care and diligence in loaning the money, Lasselle being at the time solvent and worth a large sum of money, and the owner of a large and valuable property in Cass county, Indiana ; that the plaintiff was promptly notified of the loan at the time it was made and never objected to the person to whom the loan was made, nor to the fact of the loan, but simply refused to have anything to do with the money, and before and after the filing of this claim refused to accept Lasselle's note, which the defendant brings into court for the use of the plaintiff. Wherefore," etc.

The following extract from the appellant's brief contains the substance of the argument made in his behalf:

" By now seeking to hold the estate of the decedent he has waived all right to deny the authority of his mother to take the money as his agent. By refusing to receive the money when she, having possession of it as his agent, tendered it to him, and by declaring that he would not receive it, that he had no claim upon it, when it *was* his, he absolved her from any and all duty, other than to take ordinary care of the money, and see that it was safely kept, until it could be disposed of ; and by his same acts she was impliedly given license to dispose of it for him, in any way and manner that to her judgment might seem best for him."

. There can be no question that by suing for the money the appellee confirmed the act of the decedent in receiving it for him; but it does not follow that her subsequent dealing with the money has been in like manner ratified. *Knowlton* v. *School City of Logansport,* 75 Ind. 103.

The nature and extent of the power of attorney referred to in the answer are not so far set forth as to show that it had any application to the money in dispute, and the inference is that it did not. Upon the refusal of the appellee to receive this money of his mother, accompanied with a denial of the validity of the sale of the land, her plain course was to return the money to the commissioner, to be by him accounted for to the court in due form of law. But if, for any reason she was unable to do this, then it necessarily became her duty to keep the money safely in trust for the plaintiff, or for the purchaser at the commissioner's sale, in case the sale should be set aside and annulled. This duty she could have safely performed by depositing the money in a solvent bank in her name as trustee. Perry on Trusts, section 443. But she had no right whatever to loan the money on the individual note of the borrower, however responsible he seemed to be. She would have had no right to make such a disposition of the money if it had been expressly entrusted to her by the plaintiff for the purpose of being loaned, much less having no authority beyond possession and the duty to keep safely.

In Perry on Trusts, section 453, it is said: "There is one rule that is universally applicable to investments by trustees, and that rule is, that trustees can not invest trust moneys in personal securities. If trustees have a discretion as to the kind of investments, it is not a sound discretion to invest in personal securities." See *Gilbert* v. *Welsch,* 75 Ind. 557.

Judgment affirmed, with costs.