CHESTER H. GRAVES & others *vs.* LAKE SHORE AND
MICHIGAN SOUTHERN RAILROAD COMPANY.

Suffolk.   Jan. 11. — March 4, 1884.   DEVENS & HOLMES, JJ., absent.

Goods were delivered to a common carrier under a bill of lading containing a stip-
ulation that they were shipped at an agreed valuation of a certain sum, and
that, if a loss occurred for which the carrier was responsible, the value of the
goods at the time and place of shipment was to govern the settlement, " except
the value of the articles has been agreed upon with the shipper."  The carrier
had no knowledge of the value of the goods except that furnished by the state-
ment of the shipper, and the charge for transportation was based upon such
valuation.  The goods were lost by the negligence of the carrier's servants.
*Held*, in an action for such loss, that the shipper was estopped to claim more
than the agreed valuation of the goods.

MORTON, C. J.  The defendant, as a common carrier, received
at Peoria, Illinois, seventy-five barrels of high wines, and agreed
to deliver them to the plaintiffs at Boston, in this Common-
wealth.  The bill of lading contained the stipulation that the
goods were " shipped at an agreed valuation of $20 per bbl.,
owner's risk of leakage."  It also contained the agreement, that,
" in the event of the loss of any property for which responsi-
bility attaches under this bill of lading to the carriers, the value
or cost of the same at the time and point of shipment is to
govern the settlement, except the value of the articles has been
agreed upon with the shipper, or is determined by the classifica-
tion upon which the rates are based."

The defendant had no knowledge of the value of the goods
except that furnished by the statement of the shippers, and the
charge for transportation was based upon this statement and
valuation.  The goods were destroyed during the transit by a
collision of two trains, occasioned by the negligence of the ser-
vants of the defendant.  The only question presented is whether
the plaintiffs can recover any more than the agreed valuation
of the goods.

The question whether a carrier can, by a special contract,
exempt himself from liability for a loss arising from the negli-
gence of himself or his servants, is one which has been much
discussed, and upon which the adjudications are conflicting.
If we adopt the general rule, that a carrier cannot thus exempt

himself from responsibility, we are of opinion that it does not cover the case before us, which must be governed by other considerations. The defendant has not attempted to exempt itself from liability for the negligence of its servants. It has made no contract for that purpose, but admits its responsibility; its claim is, that the plaintiffs, having represented and agreed that the goods are of a specified value, and having thus obtained the benefit of a diminished rate of transportation, are now estopped to claim, in contradiction of their representation and agreement, that the goods are of a greater value.

It is the right of the carrier to require good faith on the part of those persons who deliver goods to be carried, or enter into contracts with him. The care to be exercised in transporting property, and the reasonable compensation for its carriage, depend largely on its nature and value, and such persons are bound to use no fraud or deception which would mislead him as to the extent of the duties or the risks which he assumes. It is just and reasonable that a carrier should base his rate of compensation, to some extent, upon the value of the goods carried; this measures his risks, and is an important element in fixing his compensation. If a person voluntarily represents and agrees that the goods delivered to a carrier are of a certain value, and the carrier is thereby induced to grant him a reduced rate of compensation for the carriage, such person ought to be barred by his representation and agreement. Otherwise, he imposes upon the carrier the obligations of a contract different from that into which he has entered. *Dunlap* v. *International Steamboat Co.* 98 Mass. 371. *Judson* v. *Western Railroad*, 6 Allen, 486.

The plaintiffs admit that their valuation of the goods would be conclusive against them in case of a loss from any other cause than the negligence of the carrier or its servants; but contend that the contract does not fairly import a stipulation of exemption from responsibility for such negligence. We cannot see the justice of this distinction. Looking at the matter practically, everybody knows that the charges of a carrier must be fixed with reference to all the risks of the carriage, including the risk of loss from the negligence of servants. In the course of time, such negligence is inevitable, and the business of a carrier could not be carried on unless he includes this risk in fixing

his rates of compensation.   When the parties in this case made their contract, it is fair to assume that both had in mind all the usual risks of the carriage.   It savors of refinement to suppose that they understood that the valuation of the goods was to be deemed to be fixed if a loss occurred from some causes, but not fixed if it occurred from the negligence of the servants of the carrier.   Such does not seem to us to be the fair construction of the contract.

The plaintiffs voluntarily entered into the contract with the defendant; no advantage was taken of them; they deliberately represented the value of the goods to be $20 per barrel.   The compensation for carriage was fixed upon this value ; the defendant is injured and the plaintiffs are benefited by this valuation, if it can now be denied.   We are of opinion that the plaintiffs are estopped to show that it was of greater value than that represented.   The plaintiffs cannot recover a larger sum without violating their own agreement.   Although one of the indirect effects of such a contract is to limit the extent of the responsibility of the carrier for the negligence of his servants, this was not the purpose of the contract.   We cannot see that any considerations of a sound public policy require that such contracts should be held invalid, or that a person, who in such contract fixes a value upon his goods which he entrusts to the carrier, should not be bound by his valuation.   *M' Cance* v. *London & North Western Railway*, 7 H. & N. 437 ; *S. C.* 3 H. & C. 343.   *Railroad* v. *Fraloff*, 100 U. S. 24.   *Muser* v. *Holland*, 17 Blatchf. C. C. 412 ; *S. C.* 1 Fed. Rep. 382.   *Hart* v. *Pennsylvania Railroad*, 2 McCrary, 333 ; *S. C.* 7 Fed. Rep. 630.   *Magnin* v. *Dinsmore*, 70 N. Y. 410.

We are therefore of opinion, upon the facts of this case, that it was not competent for the plaintiffs to show that the value of the goods lost was greater than $20 per barrel.

*Judgment affirmed.*

*H. G. Parker & J. H. Fiske*, for the plaintiffs.
*A. L. Soule & F. H. Gillett*, for the defendant.