JAMES J. HILL *vs.* BOSTON, HOOSAC TUNNEL, AND WESTERN RAILROAD COMPANY.

Suffolk.    Jan. 13. — March 23, 1887.    HOLMES & GARDNER, JJ., absent.

Cows belonging to A. were delivered to a common carrier by an agent of A., who was employed to attend to the care and transportation of the cattle, and who signed an agreement for their transportation by railroad, in which the value of each cow was estimated at a certain sum, and which provided that the owner of the cows should assume all risk of loss or damage from any cause except from collision of trains, in which case the carrier should not be held liable for a greater sum than that specified in the agreement; that the rates for transportation were based upon and intended only for cows of the value specified; and that an additional rate would be charged for cows of greater value.  One of the cows was killed by the negligence of the carrier, and not by a collision of trains. *Held,* in an action by A. against the carrier, that he could recover only the value of the cow as expressed in the agreement; and that he was bound by the agreement made by his agent.

---

* A like decision was made in the case of *Keach, petitioner,* 14 R. I. 571.

TORT for negligence in the transportation of a cow.   Trial in the Superior Court, before *Hammond*, J., who reported the case for the determination of this court, in substance as follows :

The defendant consented to be defaulted, and that judgment should be entered against it in the sum of $80.

The plaintiff offered evidence tending to show that the defendant undertook to transport a cow belonging to him ; that the animal was injured, during such transportation, by fire communicated by sparks from a locomotive, which, through the negligence of the defendant and its servants and agents, set fire to the straw bedding in the car in which the animal was transported ; and that, in consequence of such injury, the cow died.

He further offered evidence tending to show that the cow was an imported animal, of great value, and was worth more than $5000, and claimed damages to that amount.

It was agreed that the defendant corporation operates a railroad which connects with the Fitchburg Railroad; that the cow, with other animals, was delivered to the Fitchburg Railroad Company by one Alick Smith, who was in the employ of the plaintiff; that, at the time of such delivery, an agreement embodied in a paper was signed in duplicate by Smith and by an agent of the Fitchburg Railroad Company, the material parts of which were as follows :

" Received of J. J. Hill, in apparent good condition, as described below.

" Description and estimated value, 12 cows at $75 each.

" To be transported over its road and delivered in like good order to the next company or carrier (if going beyond its own line of road) for them to deliver to the place of destination of said live stock.   It being distinctly understood that this company assumes no liability beyond the end of its own road, and that, so far as it acts as agent for other parties participating in the joint transit aforesaid, said parties are separately liable.   It is also understood that the owner or owners shall load, unload, and feed at their own risk and expense, and assume all risk of loss or damage from any cause, kind, or nature except from collision of trains, in which case this company shall not be held liable for loss for a greater sum than specified above in this agreement.

" The rates for transporting live stock are based upon and intended only for those of ordinary value, viz.: . . . . cows $75. . . . . Animals of a greater value than the above will be charged at the rate of 50 per cent additional for every . . . . $75 additional value for cows. . . . . The same additional charge will be made for any part of this increased value.

" And it is further agreed that the conditions named herein, applicable to this road, shall apply to each and every railroad between the point of shipment and the point of destination."

It was further agreed, that the price paid, as freight money, for the transportation of the animals enumerated in the shipping agreement among which the cow injured was included, was based on the estimated values stated in that part of the agreement entitled " Description and estimated value," and in this freight money the defendant shared ; and that the Fitchburg Railroad Company transported the animals safely to the end of its line, and there delivered them to the defendant, who thereupon undertook to transport them.

The plaintiff also offered evidence tending to show that Smith was employed by him merely to attend to the care and transportation of the cattle ; that Smith had no authority, other than appears from the facts herein stated with reference to his employment, to agree to any valuation of the animals ; that he did not read the agreement which he signed, although he had full opportunity to do so, and did not, in fact, know that said agreement contained any valuation of the animals.

The judge ruled that the amount of damages which the plaintiff could recover was limited to $75, and interest thereon from the date of the injury. The jury returned a verdict for the plaintiff in the sum of $80.

If the ruling was correct, judgment was to be entered on the verdict ; otherwise, a new trial to be had.

*S. Lincoln*, for the plaintiff.

*G. A. Torrey*, for the defendant.

C. ALLEN, J.   This case is substantially covered by the decision in the recent case of *Graves* v. *Lake Shore & Michigan Southern Railroad*, 137. Mass. 33.   The plaintiff seeks to distinguish it on the ground that the shipping agreement in the present case in effect provides that the carriers shall not be liable

at all, except in case of a collision of trains, and in that case only for the valuation specified; that the attempted total exemption from liability is invalid, and therefore the only limitation of·liability is in respect to a loss from collision; and that there was no collision in this case. He contends therefore that he may recover the value of his cow, irrespective of the shipping agreement. But this would not be giving a fair construction to the agreement. The value of each cow was estimated at $75, and the rates for transportation were based upon and intended only for cows of that value. Cows of greater value were to be charged at an additional rate. Taking the whole agreement together, the liability of the defendant is limited by the valuation expressed in the shipping agreement.

The plaintiff's agent, Smith, had charge of the plaintiff's animals, for the purpose of their transportation, and the plaintiff is bound by the shipping agreement made in his behalf by Smith. *Squire* v. *New York Central Railroad*, 98 Mass. 239.

*Judgment on the verdict.*