### DUNTLEY v. BOSTON & MAINE RAILROAD.

Common carriers may, by reasonable regulation, make their rates for transporting live animals to depend on the value of the animals as given by the shipper, and may limit their liability in case of loss to the valuation so given to establish the rates.

CASE, for injuries to the plaintiff's horse while in course of transportation over the defendants' road. Facts found by referees, who reported generally for the plaintiff to recover $350. At the time the horse was shipped, the defendants had the following regulation with respect to the transportation of live animals, which was found to be reasonable : " The rates for transporting animals are based upon and intended only for those of ordinary value, viz., horses, $200. . . . When animals of greater value are offered for transportation, agents will charge $1 extra for every $100 additional value, unless the owner agrees to assume all ordinary risk of damage and signs a release." This horse was shipped as an ordinary horse. The shipper understood that if any injury occurred the railroad had a regulation limiting its liability to $200 for an ordinary horse, and if a higher valuation was given a higher rate would be charged.

*G. E. Cochrane, J. G. Hall*, and *J. Smith*, for the plaintiff.

*Worcester & Gafney*, for the defendants.

CLARK, J. In *Hart* v. *Railroad*, 112 U. S. 331, which, like the present, was an action to recover damages from a railroad

for injuries received by the plaintiff's horses during transportation by the defendants as a common carrier, the bill of lading, issued by the defendants and signed by the plaintiff, contained a stipulation that the carrier assumed a liability to the extent of an agreed valuation not exceeding two hundred dollars for each horse, and the rate of freight was based upon that condition ; and it was held that even in case of loss or damage by the negligence of the carrier, the contract should be upheld as a proper and lawful mode of securing a due proportion between the amount for which the carrier may be responsible and the freight received.   In that case, as in this, the plaintiff claimed and offered to prove that his horses were worth much more than two hundred dollars, but it was held that his recovery must be limited to the amount stated in the bill of lading.   The basis of the decision was, that a common carrier may prescribe just and reasonable regulations to protect himself against fraud, and fix a rate of charges proportionate to the magnitude of the risk he assumes.

The doctrine of *Hart* v. *Railroad* is applicable to the facts in the case before us.   The referees have found that the plaintiff shipped his horse as an ordinary horse, understanding that the railroad had a regulation limiting its liability, in case of injury, to two hundred dollars for an ordinary horse, and if a higher valuation was given a higher rate would be charged.   Knowing that the freight charges were measured by the valuation put upon the property, and that the rate was fixed upon the basis that the liability assumed by the defendants would not exceed two hundred dollars in case of loss or injury, the plaintiff, by shipping his horse as an ordinary horse, fixed his value for transportation purposes at two hundred dollars, and having elected to treat his value as two hundred dollars for the purpose of securing a low rate of freight, he cannot insist upon a higher valuation in case of loss or injury.   In fixing the freight charges on the assumed valuation of two hundred dollars, both parties understood that the liability assumed by the defendants was limited to two hundred dollars.   The plaintiff's conduct was, in effect, a declaration as to the value of his horse and an admission that the defendants' liability as carrier would not exceed two hundred dollars.   The case is as if, upon inquiry by the defendants, the plaintiff had stated the value of his horse to be two hundred dollars, the sum named in the defendants' regulation as determining the freight charges and the liability assumed in the transportation of a horse of ordinary value.

The rule or regulation of the defendants, of which the plaintiff had notice, was not designed and did not purport to relieve the defendants from their common-law responsibility as a carrier.   The purpose was to secure information as to the value of the animals received for transportation, and compensation proportionate to the risk incurred.   As such the regulation was a reasonable one, and not in conflict with the general principle that a common carrier

cannot discharge himself of legal responsibility by a general notice. *Moses* v. *Railroad*, 24 N. H. 71, 90, 91.   Such a stipulation is not prohibited on grounds of public policy.   In *Hart* v. *Railroad*, 112 U. S. 331, 340, 341, the court say,—" The limitation as to value has no tendency to exempt from liability for negligence.   It does not induce want of care.   It exacts from the carrier the measure of care due to the value agreed on.   The carrier is bound to respond in that value for negligence.   The compensation for carriage is based on that value.   The shipper is estopped from saying that the value is greater.   The articles have no greater value, for the purposes of the contract of transportation, between the parties to that contract.   The carrier must respond for negligence up to that value.   It is just and reasonable that such a contract, fairly entered into, and where there is no deceit practised on the shipper, should be upheld.   There is no violation of public policy.   On the contrary, it would be repugnant to the soundest principles of fair dealing and of the freedom of contracting, and thus in conflict with public policy, if a shipper should be allowed to reap the benefit of the contract if there is no loss, and to repudiate it in case of loss."

There is no injustice in restricting the shipper's claim for damages to the value he places upon his property for transportation. If the plaintiff obtained the lowest rate of freight by shipping his horse as of ordinary value, it is not unreasonable that his recovery should be restricted to two hundred dollars, which was the amount of the risk the parties understood the plaintiff paid for and the defendants assumed as carrier.   *Magnin* v. *Dinsmore*, 62 N. Y. 35, 56 ; 20 Am. Rep. 442 ; *Squire* v. *Railroad*, 98 Mass. 239, 245 ; *Graves* v. *Railroad*, 137 Mass. 33 ; *Hill* v. *Railroad*, 144 Mass. 284.

The motion to set aside the award on the ground of disqualification of the referees, and the request for a further hearing on that motion, were questions of fact for the trial term, not ordinarily revisable at the law term, and no error of law appears in the denial of the motions.   As greater damages were awarded the plaintiff than he was legally entitled to recover, he suffered no injustice from the award.   *Holman* v. *Manning*, 65 N. H. 92 ; *Sanford Mfg. Co.* v. *Wiggin*, 14 N. H. 441, 451.

*Exceptions overruled.*


BLODGETT, J., did not sit : the others concurred.