## DURGIN v. AMERICAN EXPRESS COMPANY.

Common carriers may limit their common-law liability by express contract against risks not arising from their own negligence.

The acceptance, without objection by a shipper, of a receipt for the goods, wherein such limitation is declared, may constitute a contract whereby he will be bound.

CASE, to recover the value of merchandise, which the defendants, as common carriers, received from the plaintiff, and did not deliver to the consignee.

On the 20th day of January, 1888, M. E. Hagerty, the defendants' agent and servant, received from the plaintiff a box weighing thirty-seven pounds, and containing silver ware of the value of $680.20, to be carried by the defendants to the city of New York and there delivered to Theodore B. Starr. There was in the plaintiff's possession a book of blank receipts, furnished him by the defendants, to be filled up and signed by the defendants on the delivery of goods to them for carriage. At the time of the reception of the box in question, one of these receipts was signed and delivered to the plaintiff by the defendants' agent. The printed portion of the receipt contains the following, among other stipulations: " It is further agreed that this company is not to be held liable or responsible for any loss of, or damage to, said property or any part thereof, from any cause whatever, unless in every case the said loss or damage be proved to have occurred from the fraud or gross negligence of said company or their servants ; nor in any event shall this company be held liable or responsible, nor shall any demand be made upon them beyond the sum of fifty dollars, at which sum said property is hereby valued, unless the just and true value thereof is stated herein."

The value of the box and contents was not stated, nor was any inquiry concerning its value made by the defendants or their agent, and neither the defendants nor their agents had knowledge of the value thereof. The sum to be charged for carrying the box was not mentioned, and no charge therefor was paid by the plaintiff, it being understood that the express charges were to be paid by the consignee upon delivery. The goods were never delivered, but were lost or stolen. The price fixed by the defendants for the carriage of this box was seventy-five cents, but the plaintiff was not informed what the charge in this particular instance would be. If the actual value of the goods had been stated, the regular express charge would have been $3.75.

The plaintiff is, and for many years has been, a manufacturer of and dealer in silver ware at Concord, and during that time the defendant company has received from him, to be carried by express, thousands of packages and boxes, the value of which in

many instances was more than fifty dollars, giving receipts like that given on this occasion, in which the value of the box or package was not inserted, and concerning which no information was given or inquiry made.

*W. L. Foster* and *Chase & Streeter*, for the plaintiff.

*H. Robinson*, for the defendants.

CLARK, J. Common carriers may limit their common-law liability by express contract against risks not arising from their own negligence. *Merrill* v. *American Express Co.*, 62 N. H. 514; *Rand* v. *Merchants' Dispatch Trans. Co.*, 59 N. H. 363; *Barter* v. *Wheeler*, 49 N. H. 9, 30; *Moses* v. *Railroad*, 24 N. H. 71, 90. The receipt signed by the defendants' agent and servant at the time of the delivery of the package was taken by the plaintiff as evidence of the fact and purpose of its delivery and of the terms and conditions on which the defendants received it. The receipt was contained in a book of blank receipts previously furnished by the defendants for the use of the plaintiff, and the written portions were in his hand-writing, and the law presumes that the contents were known to him. The plaintiff understood it to be the shipping contract, and, in the absence of fraud, by receiving it without objection he is conclusively presumed to assent to its conditions. *Merrill* v. *American Express Co.*, 62 N. H. 514; *Grace* v. *Adams,* 100 Mass. 505.

It is now generally held that the responsibility imposed on the carrier of goods by the common law may be restricted and qualified by express stipulation, where such stipulation is just and reasonable; and a stipulation that the carrier shall be informed as to the value of the goods delivered to him for carriage, as affecting the risk and the degree of care required, is clearly reasonable. In *Moses* v. *Railroad*, 24 N. H. 90, while adhering to the rule that the legal responsibility of a common carrier cannot be discharged by a public notice, the court say,—" We do not mean to hold that there are no cases in which the carrier may, by notice, define and qualify his responsibility. It may be quite reasonable that he should insist on proper information as to the value of the article which he carries. This would not seem to be any infringement upon the principle of the ancient rule. He must have a right to know what it is that he undertakes to carry, and the amount and extent of his risk. We can see nothing that ought to prevent him from requiring notice of the value of the commodity delivered to him, when from its nature, or the shape and condition in which he receives it, he may need the information; nor why he should not insist on being paid in proportion to the value of the goods and the consequent amount of his risk." In conformity with these views, conditions and stipulations

designed to secure to carriers information as to the character and value of the articles delivered to them, and to limit their responsibility to the amount and extent of the risk apparently assumed by the carrier and paid for by the customer, are upheld as just and reasonable. *Duntley* v. *Railroad, ante, p.* 263 ; Edw. Bail. (2 ed.) *ss.* 567–569 ; *Hart* v. *Railroad,* 112 U. S. 331 ; *Graves* v. *Railroad,* 137 Mass. 33 ; *Little* v. *Railroad,* 66 Me. 239 ; *Magnin* v. *Dinsmore,* 62 N. Y. 35 ; *St. Louis, etc., Railway Co.* v. *Weakly,* 50 Ark. 397—*S. C.,* 7 Am. St. Rep. 104.

The stipulation as to an agreed valuation, inserted in the shipping receipt taken by the plaintiff, was designed to determine the extent of the defendants' liability in case of loss of the goods, and the plaintiff so understood it. The plaintiff also knew that the freight charges were proportioned to the nature and extent of the risk, and, although in this instance the express charges were not mentioned, the presumption is conclusive that the plaintiff knew that the rate would be largely increased if it was fixed by the actual value of the package. The case states that the plaintiff had previously sent thousands of packages and boxes by the defendants, the value of which in many instances exceeded fifty dollars : and that the price fixed by the defendants for the carriage of the box in controversy was seventy-five cents, when, if the actual value of the goods had been stated, the regular express charges would have been $3.75. It does not change the case that the price of carriage was not mentioned, or that no inquiries were made as to the value of the contents of the box. The plaintiff understood that the rate would be according to the regular express rates for the carriage of a box agreed to be of the value of fifty dollars. The plaintiff understood that he was securing transportation of the box to New York at a reduced rate (in fact, at one fifth of the regular rate), by calling the value fifty dollars and assuming a portion of the risks of carriage himself ; and having agreed upon a valuation for the purpose of fixing the express charges, he cannot insist that the goods are of greater value for the purpose of increasing his claim for damages for the loss. Nor is it material whether the loss arose from the negligence of the defendants, or from some other cause. The defendants agreed to respond in a sum not exceeding fifty dollars in case of loss, and, for the purposes of the contract of transportation between the parties to the contract, the goods have no greater value. *Hart* v. *Railroad,* 112 U. S. 331, 341 ; *Graves* v. *Railroad,* 137 Mass. 33 ; *Hill* v. *Railroad,* 144 Mass. 284.

If the question is raised in this case, it seems to be settled by great weight of authority that a common carrier cannot stipulate for exemption from responsibility for the negligence of himself or his servants on grounds of public policy, or even by express contract. *Railroad Co.* v. *Lockwood,* 17 Wall. 357 ; *Liverpool, etc., Steam Co.* v. *Phenix Ins. Co.,* 129 U. S. 397 ; *Bank of Kentucky* v. *Adams Express Co.,* 93 U. S. 174 ; *Willis* v. *Railway,* 62 Me. 488 ; *Mann*

v. *Birchard,* 40 Vt. 326; *Squire* v. *Railroad,* 98 Mass. 239, 246; *Louisville & Nashville Railroad* v. *Oden,* 80 Ala. 38; *Wallingford* v. *Railroad,* 26 S. C. 258; *Grogan* v. *Adams Express Co.,* 114 Pa. St. 523; Edw. Bail., *s.* 563.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.