BANCROFT & COMPANY v. THE MERCHANTS' DESPATCH TRANS-
PORTATION COMPANY.

1. **Common Carrier:** CONNECTING LINE: LIABILITY.   A common car-
rier which receives goods from a connecting line is not entitled to the
benefit of any limitation upon its common law liability, contained in an
express contract entered into between the latter and the consignor, in its
own behalf and for its own protection only.

2. —  ——:  ———:  STORING IN WAREHOUSE.   The intermediate carrier is
bound to deliver the goods to the carrier whose line of transportation is
next in the route over which the goods are to be carried, and it is not
relieved of responsibility by storing them in a warehouse at the terminus
of its own route.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 6.

ACTION at law.   The cause was tried to the court without a
jury, and a judgment had for plaintiff.   Defendant appeals.

*Stewart & White*, for appellant.

*Martin, Murphy & Lynch*, for appellees.

BECK, J.—The plaintiffs, merchants of the city of San Fran-
cisco, California, purchased certain goods of the Morgan
Envelope Company, which were delivered for transportation
by the consignors, at Springfield, Massachusetts, to the Hart-
ford & New Haven Railroad Company.   The cases containing
the goods were marked to indicate that they were to be carried
by defendant, and were to be delivered to the Chicago &
Northwestern and the Pacific Railroad Companies for trans-
portation over their roads on the route to San Francisco.   The
goods were transported by the Hartford & New Haven Rail-
road Company to New York City, the end of its line, and then
delivered to defendant, and by it transported to Chicago, the
termination of defendant's line, and stored in a warehouse.
On the day after they were received at Chicago, and while in
the warehouse of defendant, the goods were consumed in the

great fire occurring in that city October 8, 1871. The Hartford & New Haven Railroad Company, after receiving the goods, gave to the consignors a receipt stipulating that it assumed no liability beyond the end of its own line, and that it would not be responsible for "damages occasioned by delay from storms, accidents, or unavoidable causes, nor for the decay or injury of perishable articles, nor for injury to property produced by frost, heat, or the elements." No express contract between the plaintiff and defendant for the carriage of the goods in question is shown.

The only question in the case which need be determined by us is this: Did a contract exist between the defendant and

1. COMMON CARRIER: connecting line: liability.

plaintiff containing limitations, similar in their effect to the limitations of the contract as shown by the receipt executed by the Hartford & New Haven Railroad Company? Counsel for defendant maintain that, in the absence of evidence showing an express contract between the parties, the law raises the presumption that defendant undertook the carriage of the goods upon the same conditions under which they were transported by the railroad company of which they were received.

The liability of defendant as a carrier upon receiving the goods, in the absence of an express contract, was fixed by the law. If that liability is limited in this case it must be on the ground of some contract which the law will presume was made upon the goods coming into the hands of defendant. The law will not presume such a contract unless a party be found who had the power to contract with defendant for the plaintiff, for it is a conceded fact the plaintiffs or their consignors made no such contract. Now it is not claimed that such a contract was in fact made for plaintiffs by the Hartford & New Haven Railroad Company. Had this company authority to so contract for plaintiffs? Clearly not. It was not plaintiffs' agent for the purpose of transhipping the goods. The routes over which they were to be carried were clearly indicated by the directions on the packages. It was the duty of the Hartford & New Haven Railroad Company as a carrier, not as plaintiffs' agent, to deliver the goods to defendant. *Babcock v.*

*Lake Shore & Michigan Southern Ry. Co.*, 49 N. Y., 491; *Sherman v. Hudson River Ry. Co.*, 64 N. Y., 354.

The defendant, upon receiving the goods from the connecting railroad, assumed the duty of a common carrier as fixed by law. It was required to deliver the property to the other carrier whose line of transportation was next in the route over which the goods were to be carried. It was not relieved of responsibility by storing the property, and while holding the goods in the warehouse its liability as a carrier continued. *Railroad Co. v. Manufacturing Co.*, 16 Wal., 318; *McDonald v. Western Ry. Corporation*, 34 N. Y., 437; *Rawson v. Holland*, 59 N. Y., 611; *Conky v. M. & St. P. Ry. Co.*, 31 Wis., 619; *Hooper v. C. & N. W. Ry. Co.*, 27 Wis., 81.

*2. ———: ———: storing in warehouse.*

Such liability extended to and covered the loss of the goods by the fire.

The District Court rightly held, upon the facts established by the testimony, that the defendant is liable in this action.

AFFIRMED.