HALLIDAY et al., Appellants, v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

74  159
f80a  17
74  159
84a  597

**Common Carrier**: CONNECTING LINES: LIMITATION UPON LIABILITY: PLEADING.  Where the contract of a common carrier contemplates the employment of a connecting carrier to complete the transportation, the mere reception of the property by the latter will create sufficient privity between it and the shipper to enable him to maintain an action against it on the contract, and in such case the connecting carrier will be entitled to the benefit of all valid limitations upon the carrier's liability provided in the contract ; but in order to avail itself of them, they must be specially pleaded.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*W. T. McCanne* for appellants.

It would have been a misjoinder to have made either the M., K. & T. R'y Co., or its receiver, a party to this action. *Hoagland v. R. R. Co.*, 39 Mo. 451. The receiver was only liable over his own line of road. *Coates v. Express Co.*, 45 Mo. 238. The defendant was liable both generally as a common carrier and under the terms of the special contract made with the first carrier. 39 Mo. 451; 45 Mo. 238; *Cramer v. Express Co.*, 56 Mo. 524; *Snider v. Express Co.*, 63 Mo, 377 ; *Rice v. K. P. R. R. Co.*, 63 Mo. 314.

*Wells H. Blodgett* and *Geo. S. Grover* for respondent.

There was no privity of contract between the plaintiffs and the defendant in this case. The plaintiffs had no contract with the defendant. The only contract made was with the first carrier, who undertook the whole duty of transporting the live stock from the starting point to its destination, and who collected all the freight charges therefor. Defendant was simply an agent or auxiliary of the

first carrier, not a partner, and the plaintiffs' action, if they had any, was against the carrier with whom their contract was made. They proved no cause of action against defendant, and for this reason the instruction in the nature of a demurrer to the evidence was properly given. *Coates v. Express Co.*, 45 Mo. 241; *Gray v. Jackson*, 51 N. H. 9; *s. c.*, 12 Am. Rep. 1; *Ill. Cen. R. R. Co. v. Frankenburg*, 54 Ill. 88; *Milwaukee R. R. Co. v. Smith*, 74 Ill. 197; *Mulligan v. R. R. Co.*, 36 Iowa 181; *s. c.*, 14 Am. Rep. 514. Plaintiffs are not entitled to recover, because they failed to give notice of their claim for damages, as required by the special contract. It was not proven that notice of any claim whatever was given by them to either carrier. Such stipulations as to notice are reasonable, and the courts will enforce them. *Rice v. K. P. R'y Co.*, 63 Mo. 319; *Express Co. v. Caldwell*, 21 Wall. 264; *Goggin v. K. P. R'y Co.*, 12 Kas. 41

HOUGH, J.—It is alleged in substance in the petition in this case, that on the 30th day of December, 1875, the plaintiffs delivered to Wm. Bond, receiver of the Missouri, Kansas & Texas Railway Company, at Madison station, in the county of Monroe, eighteen horses and mules, loaded in a freight car belonging to the defendant, which said receiver, for a certain sum paid to him by plaintiffs, contracted in writing to transport to the city of St. Louis; that by the terms of said agreement, said receiver had the right to transport said car of horses and mules over any other connecting railroad to the city of St. Louis, and that by the terms of said agreement said receiver was to be released from all liability for said stock after its delivery to such connecting line; that said car of stock was transported by said receiver over the Missouri, Kansas & Texas Railway to Moberly, and there delivered to the defendant to be by it transported to the city of St. Louis; that when said car was so delivered to the defendant the stock therein were in good condition and uninjured : that the slats on

the side of the car of defendant in which said stock was loaded, were negligently placed thereon so far apart that a bay mare which was in said car got her hind foot fastened between the same while on defendant's road between Moberly and St. Louis, and was thereby permanently injured, to plaintiffs' damage in the sum of $75. The petition then proceeds to charge the defendant, as a common carrier, with a breach of duty in failing to provide a good and sufficient car for the transportation of said stock. The answer of defendant was a general denial only.

At the trial the contract between the plaintiffs and Bond, the receiver, was introduced in evidence by the plaintiffs. This contract bound the receiver to transport the stock to the city of St. Louis, and contained the following stipulations: "And said party of the second part (the plaintiffs) hereby accept for such transportation the cars provided by said receiver and used for the shipment of said stock, and hereby assumes all risk of injury which the animals, or either of them, may receive in consequence of any of them being wild, unruly or weak, or maiming each other or themselves, or in consequence of heat or suffocation, or other ill-effects of being crowded in the cars,       *       *       or of loss or damage from any other cause or thing not resulting from the willful negligence of the agent of the party of the first part.       *       *       Said party of the second part further agrees that, as a condition precedent to his right to recover any damages for any loss or injury to said stock, he will give notice in writing of his claim therefor to some officer of said party of the first part or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same to said party of the second part, and before said stock is mingled with other stock." It appeared from the testimony that the live stock in question arrived in Moberly, Missouri, on the 30th day of December, 1875, in good condition, and was there transferred by William Bond, as receiver, to the defendant, who

transported it to St. Louis for him, in pursuance of his contract with the plaintiffs. No contract was entered into between the plaintiffs and the defendant. The stock arrived in St. Louis on the morning of the next day, and was all in good condition, except the mare mentioned in the petition. She was found with one of her hind feet fastened between the slats of that car, and the slats had to be cut out in order to set her free. This injury loosened her hoof and rendered her lame, and injured her in value to the amount of $75. No notice of this injury was given by the plaintiffs, as provided in the contract, to the officers or agents of William Bond, the receiver, or to the defendant. At the close of the plaintiffs' case, the defendant demurred to the evidence, and the demurrer was sustained and judgment rendered for the defendant.

The court erred in sustaining the demurrer to the evidence. When a carrier undertakes to transport to a point beyond the terminus of its own line, or to a point not on its line, it will be responsible according to the terms of the contract of shipment, if it contain no prohibited exemptions, for loss or injury occurring upon the connecting lines as well as upon its own line, and the connecting carrier will also be responsible to the shipper for its own fault or negligence, and according to the terms of the shipper's contract with the contracting carrier. The connecting carrier by receiving the goods from the contracting carrier, becomes its agent for the purpose of completing its contract with the shipper, and where, as in this case, the contract of the shipper contemplates the employment of connecting lines, the law will imply from this circumstance sufficient privity between the shipper and the connecting carrier to enable the shipper to maintain an action against such carrier on the contract. Hutchinson on Carriers, § 150. As the contract of the plaintiffs with the receiver was for the entire route, he could not stipulate for exemption from all liability beyond the terminus of his line. *Cinn. R. R. Co. v. Pontius*, 19 Ohio St. 221; s. c., 2 Am. Rep. 391 · *Condict*

v. *Grand Trunk R. R. Co.*, 54 N. Y. 500. By simply accepting the stock from the receiver, Bond, to be transported to St. Louis, the defendant became entitled to claim the benefits of all valid exceptions he had made with the shipper. Lawson on Carriers, § 243. But in order to avail itself of them at the trial it was necessary that it should have set them up in its answer. *Oxley v. St. Louis, K. C. & N. R'y Co.*, 65 Mo. 629; *Clark v. St. Louis, K. C. & N. R'y Co.*, 64 Mo. 447. The judgment will, therefore, be reversed and the cause remanded. All concur.