The Adams Express Company v. Harris et al.

Filed Sept. 19, 1889.

No. 13,706.

## The Adams Express Company v. Harris et al.

COMMON CARRIER.—*Connecting Lines.—Relation to Original Contract.*—Where a contract is made with a common carrier for the transportation of goods, no intermediate carriers being designated, and containing no provisions that its stipulations shall enure to the benefit of all the carriers, an intermediate carrier, by accepting the goods for transportation, is bound by the ordinary rules in the absence of a special contract, and can claim the benefit of none of the provisions of the original contract.

SAME.—*Detention for Freight.— Waiver.*—A common carrier waives his right to detain goods for the freight if his refusal to deliver is on the ground that they are not in his possession at the place where a demand is duly made.

SAME.—*Declarations of Agent.— When Principal Bound.*—A corporation

having invested an agent with general authority to adjust claims against it, the declarations of such agent in the adjustment of a claim are competent evidence against it.

SAME.—*Limitation of Damages.—Not Available when Negligence is Shown.*—A limitation of damages, without reduction in rate of freight, will not avail when negligence is shown.

PLEADING.—*Allegation of Partner's Names.— Unnecessary when.—Allegation of Incorporation.*—Where the names of the plaintiffs are given in full in the title of a cause, in alleging that the plaintiffs are partners, it is sufficient to allege that fact without again giving their names; and, also, where the name of a defendant imports that it is a corporation, a specific allegation is unnecessary.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews,* for appellant.

*G. A. Adams* and *J. S. Newby,* for appellees.

ELLIOTT, C. J.—The material facts pleaded by the appellees as their cause of action are these: On and prior to the 17th day of January, 1885, they were partners, engaged in business as nurserymen; on that day a lot of fruit trees was delivered to the United States Express Company at Champaign, Illinois; the trees were owned by the plaintiffs, and were directed to them at Mooresville, Indiana; the United States Express Company undertook to carry the trees to Indianapolis, and there deliver them to some other carrier to be transported to their destination; a written contract was made between the United States Express Company and the plaintiffs, which contained, among others, these provisions: That the person or corporation to whom the trees shall be delivered for transportation from the end of that company's line to their destination, shall not be deemed the agent of the company, but shall be deemed the agent of the plaintiff; that the company shall not be liable for injury to the goods, unless it " be proved to have occurred from the fraud or gross negligence of the company or its servants, nor shall any demand be made upon the company for more than fifty dollars, at which sum said property is hereby valued." There is no provision in the contract for the benefit of any carrier ex-

cept the United States Express Company, nor is any other carrier named. The trees were delivered to the defendant in good condition, at Indianapolis, and it carried them to Mooresville; after they had reached there, the plaintiffs went to the office of the defendant prepared to pay the charges and receive the trees, and, although they were then in the possession of the defendant's agent, he denied that they had been received; on a subsequent day the plaintiffs went again to the defendant's office, received the trees and paid the freight on them. The trees were so injured, through the negligence of the defendant, as to be utterly valueless. The plaintiffs had sold the trees to divers persons, and had agreed to deliver them on the 19th day of October, 1885, and the refusal of the defendant to deliver the trees when first demanded caused the plaintiffs to lose the profits of the sales made by them, for the reason that the delay prevented them from delivering the trees to the purchasers in accordance with their contract.

The contention of the appellant is, that the contract between the United States Express Company and the plaintiffs bound both them and the appellant, that the latter, when it accepted the goods for transportation, became bound to comply with the provisions of the contract, and secured a right to all its stipulations in favor of the first carrier, and that the contract continued in force for the benefit of all the parties until the goods were delivered at their destination. The opposing contention is, that the contract between the United States Express Company and the plaintiffs did not enure to the benefit of the appellant, and that when it accepted the goods for transportation it received them under the law, and became bound by the ordinary rules which prevail in cases where there is no special contract.

If the appellant had been designated in the contract with the first carrier as one of the intermediate carriers, or if the contract had provided that its stipulations should enure to the benefit of all the carriers, then the contention of the ap-

The Adams Express Company *v.* Harris *et al.*

pellant would find strong support from the authorities. *U. S. Express Co.* v. *Harris*, 51 Ind. 127 ; *St. Louis, etc., R. W. Co.* v. *Weakly*, 50 Ark. 397 ; *Halliday* v. *St. Louis, etc., R. W. Co.*, 74 Mo. 159 (41 Am. Rep. 309) ; *Railroad Co.* v. *Androscoggin Mills*, 22 Wall. 594 ; *Maghee* v. *Camden, etc., R. R. Co.*, 45 N. Y. 514 ; *Lamb* v. *Camden, etc., R. R. Co.*, 46 N. Y. 271.

But the contract does not provide that its stipulations shall enure to the benefit of any other carrier than the one with whom it was made, nor does it designate any other carrier along the line. Its provisions apply only to the carrier with whom the contract was directly made, and they leave it to that carrier to select the carrier from the termination of its line to the end of the route. The authorities are substantially agreed that in such a case the intermediate carrier can not successfully claim the benefit of the provisions of the original contract. *Martin* v. *American Ex. Co.*, 19 Wis. 356 ; *Bancroft* v. *Merchants, etc., Co.*, 47 Iowa, 262 (29 Am. Rep. 482); *Merchants, etc., Co.* v. *Bolles*, 80 Ill. 473 ; *Camden, etc., R. R. Co.* v. *Forsyth*, 61 Pa. St. 81 ; *Ætna Ins. Co.* v. *Wheeler*, 49 N. Y. 616.

The rule declared by the decisions we have referred to is the only one that can be defended on principle, for where the contract designates only one carrier, there is no privity between the owners and the undesignated carriers ; but where the contract is a through one, by designated carriers, there is a privity of contract, for it is justly inferable that the contract was intended for the benefit of all who perform services under it. So, too, where the contract declares that it is for the benefit of intermediate carriers, it may be enforced, since it is a contract for the benefit of a third person ; and as it is beneficial to him it is natural to presume that its terms were assented to, and formed the contract under which the goods were transported. Where, however, the contract is solely for the benefit of the original parties it is not possible to apply this rule to it.

Where, as here, the names of the plaintiffs are given in full in the title of the cause, it is unnecessary to repeat them in alleging that the plaintiffs were partners. It is sufficient to allege that the plaintiffs were partners without again giving their names. The name of the defendant imports that it is a corporation, and it was, therefore, not necessary to specifically aver that it was a corporation. *Adams Express Co.* v. *Hill*, 43 Ind. 157; *Indianapolis Sun Co.* v. *Horrell*, 53 Ind. 527; *Sayers* v. *First Nat'l Bank*, 89 Ind. 230.

The defendant's denial of the possession of the goods at Mooresville excused the plaintiffs from making a tender of the carrier's charges. A common carrier waives his right to detain goods for the freight if he puts his refusal to deliver them to the owner upon the ground that they are not in his possession at the place where a demand is duly made. *Vinton* v. *Baldwin*, 95 Ind. 433, and cases cited; *Mathis* v. *Thomas*, 101 Ind. 119; *Platter* v. *Board, etc.*, 103 Ind. 360; *House* v. *Alexander*, 105 Ind. 109.

Where a corporation invests an agent with general authority to adjust claims against it, the declarations of that agent made while endeavoring to secure an adjustment of the claim are competent evidence against his principal. This general rule has often been applied in insurance cases, and must necessarily apply in such cases as this; for otherwise the corporation would be entirely without a representative.

In deciding, as we have, that the provisions of the contract with the United States Express Company can not be taken advantage of by the appellant we have disposed of the point that the damages are limited to fifty dollars; but if we were wrong in this, still the limitation will not control since there is evidence of negligence, and no evidence that a lower rate of freight was given on account of the limitation placed upon the value of the property. *Rosenfeld* v. *Peoria, etc., R. W. Co.*, 103 Ind. 121; *Bartlett* v. *Pittsburgh, etc., R. W. Co.*, 94 Ind. 281; *United States Ex. Co.* v. *Backman*, 28 Ohio St. 144.

As there was evidence of negligence, and no evidence that there was any special consideration inducing the owners to place a less value on their property than its actual worth, the limitation, even conceding it to be available to the appellant as a part of the contract, is nullified.

The instructions of the court are quite as favorable to the appellant as the law warrants, and the evidence fully supports the verdict.

Judgment affirmed.

Filed May 9, 1889; petition for a rehearing overruled Sept. 25, 1889.