NOVEMBER TERM, 1891. 119

The Louisville, New Albany and Chicago Railway Company *v.* Nicholai.

---

No. 409.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* NICHOLAI.

COMMON CARRIER.—*Loss of Baggage.*—*Limitation of Liability as to Amount of Loss.*—*Effect of on Right of Recovery.*—The defendant railroad company, in consideration of a sum paid to it by the plaintiff, undertook to safely carry the plaintiff and her baggage from Portland, Oregon, to Indianapolis, Indiana, by way of its own road and connecting lines. The ticket contained the following words: "None of the companies represented in this ticket will assume any liability on baggage except for wearing apparel, and then only for a sum not exceeding $100." Following this was the signature of the general passenger agent, and immediately after that the following: "I agree to the above contract Mrs. Osceola Nicholai." When the trunk reached its destination it was discovered that a sealskin sacque, jewelry, etc., of the value of three hundred dollars had been abstracted *en route.*

*Held,* that where the exemption provided for by contract is not for loss or damage from a particular cause, but as to amount only (as in the case at bar), and the carrier will not account, nor attempt to account for a refusal to deliver the property which it undertook to safely carry, the presumption is that there has been negligence on the part of the carrier, and the plaintiff may recover the full amount of the loss she has sustained.

INSTRUCTIONS TO JURY.—*Erroneous Instructions.*—*When Judgment not Reversed on Account of.*—An instruction to the jury in such a case that gave them to understand that it was of little importance whether the plaintiff omitted to read the contract to which she had signed her name, provided the railroad company had not called her attention specially to its terms, was erroneous, as it was her duty to read the contract, if she

The Louisville, New Albany and Chicago Railway Company *v.* Nicholai.

had the opportunity of doing so, and no fraud, imposition or deception was practiced to prevent her from doing so; but as the verdict of the jury was right upon the evidence, the judgment should not be reversed for the giving of an erroneous instruction.

From the Marion Circuit Court.

*E. C. Field* and *A. Q. Jones,* for appellant.

*W. J. Beckett* and *W. S. Doan,* for appellee.

NEW, J.—This is an action by the appellee against the appellant as a common carrier, to recover the value of certain baggage alleged to have been lost in its transmission from the city of Portland, Oregon, to the city of Indianapolis.

The material averments of the complaint are : That on the 19th of October, 1889, the appellant, in consideration of $49 to it paid, undertook to safely carry the appellee and her baggage from Portland, Oregon, to Indianapolis, Indiana, by way of the Northern Pacific Railroad, the Wisconsin Central Railroad, and the appellant's own railroad; that said baggage consisted of one trunk containing the appellee's wearing apparel, and other articles of personal use and comfort; that the appellee delivered said baggage to the appellant at Portland, Oregon, and received a check therefor—No. 34,850—for the carriage of the same to Indianapolis over said route ; that the appellee, on arriving at Indianapolis, presented said check to the appellant's proper agent, and received said trunk, but, on opening it, discovered that there had been abstracted therefrom, *en route,* a seal-skin cloak, set of diamond ear-rings, diamond scarf pin, gold watch chain, three gold rings, set of turquoise ear-rings, gold breastpin, scarfpin, two pairs of cuff-buttons, gold thimble in ivory case, silver sugar bowl, silver cream pitcher, silver spoon-holder, all of the value of $330 ; that the appellee notified the appellant of the loss of said articles, and demanded that the same be delivered to her or that she be paid the value thereof, all of which the appellant refused to do.

Wherefore, said baggage has been wholly lost to the appellee to her damage $500.

A demurrer to the complaint for want of facts was overruled, and exceptions taken. An answer of general denial was filed to the complaint, the cause submitted to a jury for trial, and verdict returned in favor of the appellee for $354.75.

A motion for a new trial by the appellant was overruled, and judgment rendered upon the verdict for the appellee.

The appellant has assigned as error the overruling of the demurrer to the complaint, and the overruling of a motion for a new trial.

The sufficiency of the complaint is not discussed by counsel, and we, therefore, treat that portion of the error assigned as waived.

Upon the trial, the appellee submitted proof in support of the allegations of her complaint and rested. The appellant then introduced as its only evidence the passenger ticket by it sold to the appellee in consideration of the $49 paid by the latter, as alleged in the complaint.

Said ticket, among other things, contained the following words:

"None of the companies represented in this ticket will assume any liability on baggage, except for wearing apparel, and then only for a sum not exceeding $100.00." Following this is the signature of "Charles S. Fee, Gen'l Pass. & Ticket A.," and immediately after that the following:

"I agree to the above contract.

"MRS. OSCEOLA NICHOLAI.

"Witness: A. D. CHARLTON."

The effect of this agreement, upon the amount of loss sustained by the appellee, is the question presented for our decision.

A passenger ticket may be in such form as to give to it the nature of a receipt rather than contract. Its office being in such case mainly that of a token or voucher, to en--

able persons having charge of carriages, or vessels of common carriers, to recognize the persons who are entitled to be carried as passengers. Thompson Carrier of Passengers, 65, 423; 2 Redfield Law of Railways (6th ed.), 303; Hutchinson Carriers (2d ed.), section 580; *Quimby* v. *Vanderbilt*, 17 N. Y. 306; *Baltimore, etc., R. R. Co.* v. *Campbell*, 36 Ohio St. 647.

When a passenger has bought and been given a ticket unlimited upon its face, evidence of rules or regulations of the carrier, tending to defeat the apparent right conferred by the ticket, is not admissible if the passenger was not informed of them. And it has often been held that a passenger is not bound by limitations or conditions printed on the back of his ticket, which he did not see nor know of. And so, also, if any attempt at imposition or deception appears, or any device be resorted to, calculated to mislead the passenger or shipper, or keep from his notice any matter of the printed or written endorsements on the receipt or ticket which are intended to affect the liability of the carrier, they will not avail the latter if they have been overlooked by the former. Hutchinson Carriers (2d ed.), sections 245, 580; *Pennsylvania R. R. Co.* v. *Spicker*, 105 Pa. St. 142; *Maroney* v. *Old Colony, etc., R. W. Co.*, 106 Mass. 153; *Brown* v. *Eastern R. R. Co.*, 11 Cush. 97; *Malone* v. *Boston, etc., R. R. Cor.*, 12 Gray, 388; *Henderson Steam Packet Co.* v. *Stevenson L. R.*, 2 Sc. & D. App. 470; *Grand Trunk R. W. Co.* v. *Stevens*, 95 U. S. 655; *Rosenfeld* v. *Peoria, etc., R. W. Co.*, 103 Ind. 121.

On the other hand, when a passenger ticket is free from any thing calculated to mislead or deceive the person buying it, and professes to and does set out a special contract between the carrier and passenger, so legibly and plainly that it will be carelessness on the part of the latter to overlook it, there can be no good reason why such a "contract ticket" should not be held conclusive upon the passenger as bills of lading or the receipts of the common carrier are

upon the shipper or bailor of goods. In such a case, the passenger could not be heard to say that he did not read the special contract contained in his ticket. He would be expected to read it, and if he had the opportunity to read it, and failed to do so, he would be bound by its stipulations nevertheless. *Pennington* v. *Philadelphia, etc., R. R. Co.*, 62 Md. 95; *Hill* v. *Syracuse, etc., R. R. Co.*, 63 N. Y. 101; *Lillis* v. *St. Louis, etc., R. W. Co.*, 64 Mo. 464; *Downs* v. *New York, etc., R. R. Co.*, 36 Conn. 287; *Sherman* v. *Chicago, etc., R. R. Co.*, 40 Iowa, 45; *Fonseca* v. *Cunard Steamship Co.*, 153 Mass. 553; *Black* v. *Wabash, etc., R. W. Co.*, 111 Ill. 351; *Jones* v. *Cincinnati, etc., R. R. Co.*, 89 Ala. 376; *Germania, etc., Ins. Co.* v. *Memphis, etc., R. R. Co.*, 72 N. Y. 90; *Kirkland* v. *Dinsmore*, 62 N. Y. 171; *Western R. W. Co.* v. *Harwell*, 91 Ala. 340; *Fadden* v. *Missouri, etc., R. W. Co.*, 92 Mo. 343; *St. Louis, etc., R. W. Co.* v. *Weakly*, 50 Ark. 397; Hutchinson Carriers (2d ed.), sections 240, 245, 581.

The contract between the carrier and the passenger need not be written. A verbal contract is as obligatory as a written one, when established. The only difference is in the manner and in the certainty of the proof. The fundamental idea of a contract involves the meeting of the minds of the parties, and requires a mutuality of assent, but the proof of the agreement, if otherwise satisfactory, need not be written. Where, however, the contract is not in writing, the proof must be clear of assent to the terms proposed by the carrier; for the law having imposed an important duty upon the carrier, upon grounds of public policy, will not permit it to divest itself of its responsibilities, and throw the loss upon the employer, where the proof that the latter has so agreed is doubtful. *Illinois, etc., R. R. Co.* v. *Morrison*, 19 Ill. 136; *Gould* v. *Hill*, 2 Hill, 623; *Roberts* v. *Riley*, 15 La. An. 103; Hutchinson Carriers (2d ed.), section 242.

The terms and conditions of the ticket in the case at bar, so far as we can judge from the record, were all plainly set out on the face of the ticket, and contained over three hun-

dred words, and as we have already shown, the signature of the appellee is attached to the contract. We speak of this, because it is the fact. We do not say that her signature was necessary. See *Fonseca* v. *Cunard Steamship Co.*, *supra;* *Quimby* v. *Boston, etc, R. R. Co.*, 150 Mass. 365, and cases there cited; Hutchinson Carriers (2d ed.), 240 (243).

The liability of the common carrier is by law an unusual and extraordinary one. The common carrier is, by law, regarded as a practical insurer of the goods against all losses of whatever kind, with the exception of those arising from what is known as the act of God, and those caused by the public enemy, to which in modern times have been added those arising from the act of the public authority, those arising from the act of the shipper, and those arising from the inherent nature of the goods. And it is now well settled that in the carriage of a passenger's baggage the carrier incurs the full responsibility of the common carrier of goods.

The rigorous accountability to which common carriers of goods and baggage have been held as against all losses, save of the kind we have named, has been relaxed so far as to allow that liability to be qualified to some extent by contract between the carrier and the employer.

Whether the carrier could, by contract, exempt itself from liability for losses arising from its own negligence, was for some time a question not well settled. The great weight of authority in this country now is in favor of excluding negligence as an element of contract between the carrier and the employer, and of holding the former to a rigid responsibility for any degree of negligence, without the power by contract to divest itself of it. *Railroad Company* v. *Lockwood*, 17 Wallace, 357; *Bartlett* v. *Pittsburgh, etc., R. W. Co.*, 94 Ind. 281; *Adams Express Co.* v. *Harris*, 120 Ind. 73; *Louisville, etc., R. W. Co.* v. *Faylor*, 126 Ind. 126; *School District, etc.*, v. *Boston, etc., R. R. Co.*, 102 Mass. 552; *Chicago, etc., R. W. Co.* v. *Chapman*, 133 Ill. 96; *American*

*Express Co.* v. *Second Nat'l Bank,* 69 Pa. St. 394 ; *Willis* v. *Grand Trunk, etc., R. W. Co.,* 62 Me. 488; *Jacobos* v. *St. Paul, etc., R. W. Co.,* 20 Minn. 125 ; *Rose* v. *Des Moines, etc., R. R. Co.,* 39 Iowa, 246; *Southern, etc., R. W. Co.* v. *Maddox & Co.,* 75 Tex. 300 ; *Kansas, etc., R. W. Co.* v. *Reynolds,* 17 Kan. 251 ; *Union Express Co.* v. *Graham,* 26 Ohio St. 595 ; *Berry* v. *Cooper,* 28 Ga. 543 ; 2 Am. and Eng. Encyc. of Law, 822.

The rule which we have thus referred to applies also to contracts limiting the liability of the carrier to a certain sum in case of loss, unless that sum is agreed upon as the value of the goods or baggage, and the charges or rates of freight are ascertained and fixed upon the basis of such agreed valuation. In such a case the weight of authority seems to be that the shipper would be estopped from afterwards alleging that the value was more (even if there should be loss by the negligence of the carrier), for there would be no justice in allowing the shipper to be paid a larger value than that deliberately agreed upon for an article which he had induced the carrier to take at a rate lower than would otherwise have been charged. *Hart* v. *Pennsylvania R. R. Co.,* 112 U. S. 331 ; *Phœnix Insurance Co.* v. *Erie, etc., Transportation Co.,* 117 U. S. 322; *Adams Express Co.* v. *Harris, supra* ; *Chicago, etc., R. R. Co.* v. *Abels,* 60. Miss. 1017 ; *Alabama, etc., R. R. Co.* v. *Little,* 71 Ala. 611 ; *Moulton* v. *St. Paul, etc., R. W. Co.,* 31 Minn. 85 ; *Kansas City, etc., R. R. Co.* v. *Simpson,* 30 Kan. 645 ; *United States Express Co.* v. *Backman,* 28 Ohio St. 144; *Louisville, etc., R. W. Co.* v. *Wynn,* 88 Tenn. 320 ; *Gorgan* v. *Adams Express Co.,* 114 Pa. St. 523 ; *American Express Co.* v. *Sands,* 55 Pa. St. 140 ; Hutchinson Carriers, section 250.

In New York the rule is different from that which prevails in most of the States. In that State, while the decisions have shown some individual differences among the judges, the law is clearly settled that a carrier may, by means of a plain and unmistakable special contract, exempt itself

The Louisville, New Albany and Chicago Railway Company v. Nicholai.

from liability for losses arising from any degree of negligence on its part in any case. The question seems to be, as yet, an open one in California, Delaware, Florida, Nevada, Oregon and Rhode Island.

The contract in the case at bar does not declare the value of the baggage to be $100. It does not amount to a clear and unequivocal agreement that $100 shall be treated as the value of the baggage. Nor is it in any way shown that there was any special consideration in the way of reduced rates or charges, inducing the appellee to make the contract. If, upon these points, there be any doubt, the appellee would be given the benefit of the doubt. The contract should be construed most strongly against the carrier. Limitations and restrictions upon the liability of common carriers are taken most strongly against them.

The delivery of the trunk to the appellant with the lost articles in it, all in good condition for transportation, and their value, are undisputed. For the failure to deliver, upon the demand of the appellee, the lost articles, at the point of destination, no excuse or explanation whatever was offered by the appellant.

If a carrier, in a case like this, where the exemption provided for by contract is not for loss or damage from a particular cause, but as to amount of loss only, will not account nor attempt to account for a refusal or failure to deliver the property which it undertook to safely carry, the presumption is not violent that there has been negligence on the part of the carrier, if not wrongful detention and conversion. In our opinion, the jury had the right upon this state of facts to infer negligence on the part of the appellant, whatever may be the rule as to the *onus probandi*, in cases where the loss or damage has resulted from a cause excepted by contract between the carrier and employer. *American Ex. Co.* v. *Sands, supra; Grogan* v. *Adams Ex. Co., supra; Steele* v. *Townsend,* 37 Ala. 247; *Adams Ex. Co.* v. *Harris,* 120 Ind. 73; *Berry* v. *Cooper,* 28 Ga. 543; *Chicago, etc., R. R.*

The Louisville, New Albany and Chicago Railway Company *v.* Nicholai.

*Co.* v. *Moss,* 60 Miss. 1003 ; *Gaines* v. *Union Trans. Co.,* 28 Ohio St. 418 ; *Slater* v. *South Carolina R. W. Co.,* 29 S. C. 96 ; *Missouri, etc., R. W. Co.* v. *China Mfg. Co.,* 79 Tex. 26 ; *Brown* v. *Adams Ex. Co.,* 15 W. Va. 812 ; *Shriver* v. *Sioux City, etc., Co.,* 24 Minn. 506 ; *Chicago, etc., R. W. Co.* v. *Manning,* 23 Neb. 552 ; 2 Greenleaf Ev., section 219 ; Story Railroads, section 529 ; Hutchinson Carriers, section 764 ; Redfield Neg., section 526.

The appellant complains of instructions numbered three and four. The third instruction was erroneous in this : It gave the jury to understand that it was of little importance whether the appellee omitted to read the contract to which she had signed her name, provided the appellant had not called her attention specially to its terms. We do not think the duty of the appellee to read the contract can be waived or laid aside so lightly. , It was her duty to read the contract, if she had the opportunity of doing so, and if no fraud, imposition or deception was practiced to prevent her from reading it.

The fourth instruction, in some respects, as applied to the facts in the case, was also erroneous, but the verdict of the jury is right upon the evidence, and, therefore, the judgment should not be reversed because of error in the instructions. *Ledford* v. *Ledford,* 95 Ind. 283 ; *Stockwell* v. *Brant,* 97 Ind. 474 ; *Woods* v. *Board, etc.,* 128 Ind. 289 ; *Garrigan* v. *Dickey,* 1 Ind. App. 421 ; section 658, R. S. 1881.

The judgment is affirmed, with costs..

**Filed March 1, 1892.**