A. BUSHNELL, Respondent, v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1907.

1. TRIAL PRACTICE: Compromise: Default. It is improper to take a judgment by default pending a compromise between the parties.

2. JUSTICE'S COURTS: Appeal: Amendment. In the circuit court on appeal an amendment is compared with the original cause of action and held not to change the cause of action.

3. ———: ———: ———: New Parties. On appeal in the circuit court from the justice's court the statement may be amended by making such new parties plaintiff or defendant as is necessary for a complete determination of the cause of action, but no change of the cause of action can be made.

4. ———: ———: ———: **Parties: Common Carriers.** Plaintiff brought his action in the justice court against one railroad and on appeal amended and made several other roads parties defendant, averring a joint cause of action against all and that they received his merchandise for transportation along the lines of their respective railroads in co-operation with each other. *Held,* the other companies were not necessary parties to a complete determination of a cause of action, since the remedy against the first defendant was complete, and even in the absence of a joint contract as averred in his amendment under a contract of through shipment, a contractual relation was established with the original defendant, the last and delivering carrier.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED.

*Wash Adams* for appellant.

(1)   Where there is an agreement of compromise and a default is taken pending such agreement the default will be set aside without requiring the showing of a meritorious defense. Browning v. Roane, 9 Ark. 354; Stevens v. Thompson, 1 How. Pr. 136; O'Fallen v. Davis, 38 Mo. 270; Spalding v. Meller, 40 Mo. 177; Mum. etc. v. Holz, 10 N. D. 16; Ennis v. Hogan, 47 Mo. 514; Bowlin v. Gallin, 101 Wis. 545; Sedberry v. Jones, 42 Tex. 10, 11; Cadwallader v. McClay, 37 Neb. 359.   (2)   The amended petition introduced a new and entirely different cause of action from that tried before the justice of the peace, contrary to and in violation of the statute. Gregory v. Railroad, 20 Mo. App. 448; Sturges v. Botts, 24 Mo. App. 282; Griswold v. Walker & Sons, 66 Mo. App. 35; Adler & Co. v. Railroad, 110 Mo. App. 339; Smith v. Anthony, 5 Mo. 504; Clark v. Smith, 39 Mo. 499; Thieman v. Goodnight, 17 Mo. App. 434; Brennan v. McAnany, 78 Mo. App. 126; Durnin v. Waddingham, 12 Mo. App. 146; Powell v. Phipps, 85 Mo. App. 467; Hennberger v. Harrison, 83 Mo. App. 544; Evans v.

Railroad, 67 Mo. App. 255; Prehm v. Porter, 165 Mo. 115. (3) The statute provides that the same cause of action tried before the justice and no other shall be tried on appeal in the circuit court. R. S. 1899, secs. 4077, 4079. (4) Even in a court of original jurisdiction (much less on appeal from a justice) a several liability cannot be changed by amendment into a joint liability. Timber Co. v. Railroad, 180 Mo. 421; Yall v. Gilham, 187 Mo. 408. (5) The point that a different cause of action cannot be tried on appeal in the circuit court is not susceptible of waiver and could not be waived even by agreement, because it involves jurisdiction of subject-matter. The statute is imperative and must be obeyed. Boughton v. Railroad, 25 Mo. App. 10; McMaster v. Advance T. Co., 10 Wash. 147; Wheelock v. Lee, 74 N. Y. 495; Davidsburg v. Insurance Co., 90 N. Y. 826; Backenstoe v. Railroad, 86 Mo. 492; Konold v. Railroad, 16 Utah 160; Graham v. Railroad, 64 N. C. 631; Smith v. Simpson, 80 Mo. 634. (6) A complete substitution of parties defendant in the circuit court on appeal from a justice of the peace is not permissible under the statute, because it changes the cause of action. Durnin v. Waddingham, 12 Mo. App. 145; Sherman v. Goodnight, 17 Mo. App. 429; Douglas v. Newman, 5 Ill. App. 518; Ex parte Collins, 49 Ala. 70; Railroad v. Mallon, 57 Ala. 168; Licausi v. Ashworth, 79 N. Y. S. 631, 78 App. Div. 486; Steiner Bros. v. Stewart, 33 So. 343, 134 Ala. 368; Barden Merc. Co. v. Whitesides (Ala.), 39 So. 376; Tilley v. Saverwick, 67 N. Y. S. 461; 1 Ency. of Pl. and Pr., pp. 545, 546; N. Y. S. M. Co. v. Rem. Ag. Wks., 89 N. Y. 23; Prehm v. Porter, 165 Mo. 115.

*Joseph P. Fontron* for respondent; *Theodore C. Sparks* of counsel.

(1) It was no abuse of discretion of the trial court in refusing to set aside the default judgment. Lyon v.

Page, 21 Mo. 104; Bosbyshell v. Summers, 40 Mo. 172; Chambers v. Carthel, 35 Mo. 374; Robinson v. Construction Co., 53 Mo. 435, 436; Robyn v. Pub. Co., 127 Mo. 385; Hoffman v. London, 96 Mo. App. 189; Welch v. Mastin, 98 Mo. App. 277. (2) There was no compromise pending at time of taking the default judgment. Robyn v. Publishing Co., 127 Mo. 385; Hoffman v. London, 96 Mo. App. 189. (3) The amended petition did not introduce a new cause of action. The same contract was sued on in the justice court as was set up in an amplified form in the circuit court by amendment. The respondent had a right to amend as to parties defendant and as to the statement. R. S. 1899, sec. 624; R. S. 1899, secs. 4077, 4079; R. S. 1899, secs. 889, 892; Supply Co. v. Dreyfus, 104 Mo. App. 437; Gunther Bros. v. Aylor, 92 Mo. App. 163; School District v. Wallace, 74 Mo. App. 321; Davis v. Ritchie, 85 Mo. 501; Sprague v. Follett, 90 Mo. 547. (4) The court had jurisdiction of the person and of the subject-matter, and the right to amend receives a liberal construction by the appellate courts of Missouri. Heman v. Fanning, 33 Mo. App. 53; Dowdy v. Wamble, 110 Mo. 283; Rechnitzer v. Vogelsang, 117 Mo. App. 148; Keene v. Sappington, 115 Mo. App. 35; Meadows v. Railroad, 82 Mo. App. 92; Hubbard v. Insenberry, 28 Mo. App. 20; Jones v. Railway, 59 Mo. App. 142.

BROADDUS, P. J.—The cause originated in a justice's court. The action was against the Union Pacific Railroad Company alone when plaintiff obtained judgment, from which said company appealed to the circuit court. The action was for money had and received for overcharge of freight by that company on three cars. After the case had got to the circuit court the plaintiff filed an amended statement, making the Wabash Railroad Company, the Gulf & Ship Island Railroad Company and the present defendant additional parties de-

fendant, averring a joint cause of action against all the defendants; that is to say, that all the defendants received the merchandise as freight for transportation for hire along the lines of the respective railroads in co-operation with each other. The cars of merchandise consisted of lumber and were shipped from Lumberton, Mississippi, to different points in Kansas. Upon the filing of the amended petition writs of summons were issued and served on all the new made defendants except the Gulf & Ship Island Railroad Company, which was alleged to be a non-resident of the State and the necessary proceedings were had so as to give jurisdiction as to that company. Before the return day of the summons the general agent of the appealing defendant had a conversation with plaintiff's attorney in reference to a compromise of the case. As to what occurred the parties differ in some respects. There was nothing done in the case until the January term of the court for 1906, at which time plaintiff dismissed the case as to all the defendants except the present one and took judgment by default against it for $158.76. In due time the defendant appeared and moved to set aside the default. The court overruled the motion and defendant appealed.

The defendant contends that the court erred in overruling said motion. If there was a proposition to compromise pending between plaintiff's attorney and defendant's agent at the time judgment was rendered, it ought to have been set aside. This, as a legal proposition, plaintiff does not deny. But he does deny that there was any compromise pending and that the default was the result of defendant's negligence. But as the judgment will be set aside for another reason we will not consider that matter.

The most important question raised by defendant, is that of the plaintiff's right to a judgment on the amendment in the circuit court making the defendant with the other railroad companies new parties to the

suit. Section 4077, Revised Statutes 1899, reads as follows: "The same cause of action, and no other, than was tried before the justice, shall be tried before the appellate court upon the appeal: Provided; that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court." Section 4079, *idem*, provides for an amendment of the pleadings on appeal from a justice's court "to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment."

The original statement in the case and the amendment both pertain to the same cause of action, an overcharge for the transportation of the lumber from the initial point in Mississippi to points in Kansas. The plaintiff evidently became convinced after the case was appealed to the circuit court that there existed some doubt about his ability to maintain his case against the Union Pacific Railroad Company alone, and, in order to cover the defect in his statement, made all the railroads connected with the transportation of the lumber from the initial point of shipment to the points of delivery, defendants. This, he had the right to do under the statute if it was necessary to a complete determination of his cause of action.

The original statement is in the form of an account in which plaintiff sets forth an overcharge by the Union Pacific Railroad company on three different shipments of lumber. In the amendment, it is alleged that all the defendants, the newly made parties and the Union Pacific Railroad company received the lumber and agreed with plaintiff to be governed by the published freight rates between the points of shipment and designation of said lumber, but that they overcharged said rates, and for this overcharge he asks judgment. In the absence of

a contrary showing we have no means of knowing what the contract was between plaintiff and defendants other than as stated in the amendment. The plaintiff's case depends upon his pleading which states a joint liability upon the part of all the defendants, which under our statute also created a contract in severalty. Each defendant was therefore severally liable for the overcharge which constitutes plaintiff's cause of action, and recovery could be had against any one, or all of them conjointly. But plaintiff saw fit to commence proceedings against one of them only, without joining the other joint contractors, and obtained judgment against it in the justice's court. His remedy against the company sued was complete and the other companies were not *necessary parties to a complete determination of the cause of action* set out in his original statement. If the intention was to set out a contract in the amendment different from that originally intended, the amendment was not admissible, for that would be the substitution of a different cause of action.

Even in the absence of a joint contract as set out in plaintiff's amended statement, under a contract for through shipment like the one in suit, a contractual relation was established between plaintiff and the Union Pacific Railroad company, which would have authorized a recovery against said company alone. [Halliday v. Railway, 74 Mo. 159; Aiken v. Railroad, 80 Mo. App. 8; Shewalter v. Railway, 84 Mo. App. 589; Myers v. Railway, 120 Mo. App. 288.]

So, in any light that we can view the case, plaintiff's amendment was unnecessary, and therefore not permissible under the statute. [Sec. 4077.]

For the reasons given, the cause is reversed. All concur.