ROOT *v.* NEW YORK & NEW ENGLAND R. R. CO. 23

HENRY A. ROOT, Respondent, *v.* THE NEW YORK AND NEW ENGLAND RAILROAD COMPANY, Appellant.

*Shipping agent — power of an agent to fix the terms of shipment — submission to the jury of a question as to his authority.*

An agent to ship has power to contract as to the terms and conditions of shipment, and it is an error requiring the reversal of a judgment in favor of the plaintiff, in an action brought to recover the value of a horse shipped for transportation and fatally injured through the carrier's negligence, to submit to the jury the question whether plaintiff's shipping agent had authority to bind his principal by a contract, and to refuse to charge that such agent possessed such authority.

APPEAL by the defendant, The New York and New England Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Putnam on the 22d day of June, 1893, upon the verdict of a jury for $527.50 after a trial at the Putnam County Circuit, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 19th day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Walter C. Anthony,* for the appellant.

*Frederick S. Burnum,* for the respondent.

CULLEN, J.:

This is an action to recover the value of a horse shipped for transportation by the defendant, and fatally injured, it is claimed, through defendant's negligence. The defendant put in evidence a printed form of contract, signed, not by the plaintiff, but by one Cornue, the shipper, by which it was contended that the defendant was released from liability, except for gross negligence, and that the amount of recovery for the value of the horse was limited to one hundred dollars ($100).

We think that the motion for a nonsuit was properly denied. The evidence was sufficient to justify the submission of defendant's negligence, and the plaintiff's freedom from fault, to the jury, and that there was also sufficient evidence as to the circumstances attend-

ing the execution of a contract to submit to the jury the question whether it bound the plaintiff. But the court also submitted to the jury the authority of Cornue to bind the plaintiff by his contract of shipment, and refused to charge that he possessed such authority. This was erroneous. An agent to ship has power to contract as to the terms and conditions of shipment. (*Shelton* v. *Merchants' Dispatch Trans. Co.,* 59 N. Y. 258; *Nelson* v. *Hudson River Railroad Company,* 48 id. 498.)

For this error the judgment must be reversed.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial ordered, with costs to abide the event.