HENRY A. ROOT, Respondent, *v.* THE NEW YORK AND NEW ENGLAND RAILROAD COMPANY, Appellant.

*Negligence — horse killed by falling from a railroad car — evidence of gross negligence.*

Upon the trial of an action brought to recover the value of a horse shipped upon the defendant's railroad, which the plaintiff claimed was killed through the negligence of the defendant, it was shown, that the horse was shipped and put into a car designated by the defendant's agent and securely tied; that one of the doors of the car, owing to some defect of construction or want of repair, could not be closed; that in this condition the car was placed in the train, no examination having been made by the defendant before the train started to ascertain the condition of the car, or, if its condition was known, no effort having been made to remedy it, and that after the train started the horse fell from the car and received fatal injuries.

*Held,* that there was ample evidence to sustain the conclusion that the defendant was guilty of gross negligence.

APPEAL by the defendant, The New York and New England Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Putnam on the 30th day of June, 1894, upon the decision of the court rendered after a trial at the Putnam Circuit before the court without a jury.

*Walter Anthony,* for the appellant.

*Frederic S. Barnum,* for the respondent.

BROWN, P. J.:

This action was brought to recover the value of a horse shipped upon the defendant's road, and which plaintiff claimed was killed through defendant's negligence.

The defense is that by the contract of shipment the defendant was released from all liability for injury to the horse, except when proved to have occurred through gross negligence.

This case was before this court on a prior appeal (76 Hun, 23), and it was then held that the circumstances surrounding the execution of the contract justified the submission to the jury of the question whether it was binding upon the plaintiff.

The evidence now before the court does not permit any different conclusion than was then expressed. The paper was not delivered

to the shipper; neither was it read to him, nor was his attention called to the provision which limited the defendant's liability. But independent of that question, the evidence is ample to sustain the conclusion that the defendant was guilty of gross negligence. The horse was shipped at Brewster's Station and put into a car, which was designated by the company's agent, and securely tied. One of the doors of the car, owing to some defect of construction or want of repair, could not be closed, and in this condition the car was placed in the train. No examination appears to have been made by the defendant before the train started to ascertain the condition of the car, or if its condition was known, no effort was made to remedy it. And after the train started, in some way not explained in the evidence, the horse fell from the car and received fatal injuries. The defendant's liability was brought clearly within the terms of the contract, and the judgment should be affirmed.

DYKMAN and CULLEN, JJ., concurred.

Judgment affirmed, with costs.