(16 Misc. Rep. 34.)
## KLEIN v. DUNLAP.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

LIABILITY OF CARRIERS—LOSS OF FREIGHT—REFUSAL TO ACCEPT.

Vendors of goods delivered them for shipment, by authority of vendee, to a common carrier, with whom they had an agreement that such carrier should deliver freight received from them for delivery at points in the city, and should forward such as was to be delivered elsewhere. The carrier delivered the goods to a connecting carrier, who tendered them to vendee at the place of destination; and, vendee refusing to accept the goods, they were afterwards lost or disposed of by the connecting carrier. *Held*, that vendee was bound by such shipping contract made by vendor with the first carrier, whose responsibility for the goods was determined on delivery thereof to the connecting carrier.

Appeal from Seventh district court.

Action by Louis Klein against Cornell Dunlap. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Plaintiff bought certain goods of Shrimpton & Sons, who gave them to defendant, proprietor of Dunlap's Express, to deliver to said plaintiff. Defendant gave them to the Windsor Express, a connecting carrier doing business in Brooklyn, for plaintiff. The express company claimed that it offered the goods to plaintiff, but he refused to receive them, without giving reasons therefor; and after this the goods were mislaid and lost. Plaintiff claimed to have paid his vendors for such goods. Reversed.

Argued before McADAM and BISCHOFF, JJ.

W. W. Menzel, for appellant.

Joseph I. Green, for respondent.

McADAM, J. The action was brought to recover the value of certain goods which the plaintiff claims the defendant converted to his own use while in his care as a common carrier. On May 4, 1893, Messrs. Shrimpton & Sons, of New York City, delivered at that place to the defendant, for transportation, a case of goods addressed to the plaintiff in Brooklyn. The defendant was an expressman, the proprietor of Dunlap's Express, with a license for and doing business in New York City only. He did business with Shrimpton & Sons under an agreement "to receive freight from them and deliver it in the city, and to forward other goods that they would give us to other points outside of our territory." There was no special agreement to deliver in this case, and the

defendant proved that, in accordance with the established usage and custom, he delivered the goods the same day he received them, at the end of his route, to the Windsor Express, a connecting carrier doing business in Brooklyn, for delivery to the plaintiff there. That the goods were safely delivered to the Windsor Express by the defendant is clear, for that concern tendered them to the plaintiff at their place of destination. The plaintiff refused to accept delivery for some reason that does not appear. After such tender the goods were lost or disposed of by the Windsor Express. Since the plaintiff intrusted the shipping of the goods to Shrimpton & Sons, they, in so shipping, acted as his agents, and as such had power to bind him in contract with the carrier as to the terms and conditions of transportation. Root v. Railroad Co., 76 Hun, 23, 27 N. Y. Supp. 611; Jennings v. Railway Co., 127 N. Y., at page 447, 28 N. E. 394; Shelton v. Transportation Co., 59 N. Y. 258; Nelson v. Railroad Co., 48 N. Y. 498; Rawson v. Holland, 59 N. Y., at page 617. Under these circumstances Dunlap undertook the responsibility only of carrying the goods as far as his route extended, and there delivering them to and forwarding them according to the established usage by the next connecting carrier; and this he did.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.