THOMAS W. PEIRCE *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.   December 13, 1911. — January 1, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Agency,* Scope of authority.  *Carrier,* Of goods.  *Damages,* Limitation.

Where the owner of an automobile ships by an express company certain parts of the machinery of the automobile to a machine shop to be repaired, without giving the proprietor of the machine shop any special instructions or special authority as to the contract of shipment which he shall make in returning the parts of machinery after they have been repaired, this authorizes the proprietor

of the machine shop, in returning the parts of machinery to the owner, to make the usual shipping agreement with the express company for their transportation, and, if such agreement contains a provision limiting the value of the property transported and the amount to be recovered in case of its injury to $50, this limitation is binding on the owner in an action brought by him against the express company to enforce its liability as carrier for an injury to the goods while in transit.

CONTRACT OR TORT for damage to a crank case and shaft of an automobile belonging to the plaintiff alleged to have been injured on February 28, 1908, while being transported by the defendant as a common carrier for delivery to the plaintiff at Topsfield. Writ dated January 11, 1909.

The answer, besides a general denial, contained the following allegations: " That the shipment referred to in the plaintiff's declaration was made by the consignor thereof and accepted by the defendant in accordance with and subject to the terms of a certain written contract wherein it was expressly provided that the defendant should not be held liable or responsible, ' nor shall any demand be made upon it beyond the sum of $50, unless the just and true value thereof is stated herein and an extra charge is paid or agreed to be paid therefor based upon such higher value,' . . . that the just and true value of said shipment was not stated in said contract, but that in said contract the statement was made ' value asked and not given,' wherefore the defendant says that if it is liable, it is not liable for an amount in excess of the sum of $50." The defendant filed with its answer an offer of judgment for $53.

In the Superior Court the case was tried before *Fessenden*, J.

At the trial, before any evidence was introduced, the plaintiff's counsel stated that it was conceded by the defendant that the plaintiff's crank case and shaft were received on February 28, 1908, by the defendant at the premises of the Harry Fosdick Company at Boston and that they were marked to " T. W. Peirce, Topsfield, Mass.; " that the plaintiff conceded that at the time of the receipt of the crank case and shaft by the defendant, the driver of the defendant signed and delivered to the Harry Fosdick Company a receipt for the shipment, which is described below; that it also was conceded by the defendant that the crank case and shaft were broken on an elevator in the North Station in Boston while in the possession of the defendant and

while on their way to Topsfield and subsequently were returned to the premises of the Harry Fosdick Company by the defendant.

It appeared by the evidence that the plaintiff's chauffeur with the plaintiff's authority had sent the crank shaft and case from Topsfield to the Harry Fosdick Company in Boston for repairs, and that, after the repairing was done, the shipper for the Harry Fosdick Company delivered them to the defendant to be returned to the plaintiff and took a receipt limiting the value to $50.

The defendant introduced in evidence the receipt signed by the defendant's driver and given by him to the Harry Fosdick Company for the shipment. The receipt was contained in a book in which the Harry Fosdick Company took receipts for its shipments by the defendant as carrier. On the inside front cover of this book was printed, among other matters, the following:

"American Express Company. (Not negotiable.) Notice to Shippers.

"This Company undertakes to forward to the nearest point to destination reached by it, all properties which may be receipted for by the authorized Agents of the Company, on its blank receipts Nos. 49, 51 and 55, subject to the following terms and conditions, and which terms and conditions are agreed to by shipper or owner in accepting this receipt.

". . . nor in any event shall this Company be held liable or responsible, nor shall any demand be made upon it beyond the sum of Fifty Dollars, unless the just and true value thereof is stated herein, and an extra charge is paid or agreed to be paid therefor, based upon such higher value; . . .

"The liability of this Company is limited to $50, unless the just and true value is stated in this receipt, and an extra charge is paid or agreed to be paid therefor, based upon such higher value. . . ."

On one of the pages of the book was the following: "American Express Company at Boston, Received of H. F. Co. The property hereinafter described, which the Express Company undertakes to forward to the nearest point to destination reached by it, subject to the terms and conditions of the Company's regular form (49, 51, 55) of receipt printed on inside front cover of this book and which terms and conditions are agreed to by the shipper or owner in accepting this receipt (Not Negotiable)."

At the close of the evidence the judge ruled for the purposes of the case that the evidence would not justify the jury in finding that there was any authority, express or implied, given by either the plaintiff or his chauffeur to the shipper, the Harry Fosdick Company, to limit in any way the liability of the defendant or any other express company. The defendant excepted.

It was agreed by the parties that the shipper did have implied authority to send the crank shaft and case by the defendant, but the plaintiff did not agree that there was any authority, express or implied, to limit the liability, and did not agree that there was any authority to ship at all by the defendant with a limit of liability.

The parties agreed that, if the measure of damages was the sum limited in the shipping receipt, judgment should be for the plaintiff in the sum of $50 and interest up to the time of the offer of judgment, or in all $53; that if the limitation of liability in the receipt was not binding on the plaintiff, there should be judgment for the plaintiff in the sum of $551.86 and interest; that, if the plaintiff was entitled to recover for the value of the loss of use, the sum of $1,500 and interest should be added; and that, if the plaintiff was entitled to recover for the lessened value on September 1, 1908, from what it was on March 1, 1908, the sum of $1,000 and interest should be added.

There also was the following stipulation: " In case the Supreme Judicial Court shall decide that there was evidence which would justify the jury in finding that there was an express or implied authority from the plaintiff or his chauffeur on the part of the shipper to limit the liability, then the case shall stand for a new trial, unless the Supreme Judicial Court shall determine that that is immaterial."

The judge ordered a verdict for the plaintiff in the sum of $53, and reported the case for determination by this court.

*E. F. McClennen,* for the plaintiff.

*A. M. Pinkham,* for the defendant.

SHELDON, J. The plaintiff shipped his property by the defendant to the Fosdick Company and left it to that company to send it back to him without any special instructions or any special authority as to the contract which it should make. That authorized the Fosdick Company to make the usual shipping

agreement with the defendant; and all the evidence is that it did so. Certainly there was no evidence to the contrary. Accordingly the plaintiff is bound by the terms of the agreement on which the defendant received and transported the property; there was no evidence on which the plaintiff could recover more than the sum named in that agreement; and there must be judgment on the verdict.

*So ordered.*