New England News Company *vs.* Metropolitan Steamship Company.

Suffolk.   March 25, 1913. — June 17, 1913.

Present: Rugg, C. J., Morton, Loring, Sheldon, & De Courcy, JJ.

*Carrier,* Of Goods.   *Bill of Lading.   Damages,* In contract.

In an action against a carrier for the loss of certain bags of periodicals in the hands of the defendant, the defendant's liability was admitted and the only question was in regard to the measure of damages. There was a stipulation in the bill

---

* *De Courcy,* J.

of lading that any loss or damage for which the carrier was liable should "be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee . . .)." It appeared that the plaintiff purchased periodicals from a news company, which was one of the two consignees, and paid for them weekly, with the privilege of returning those unsold to the news company or by its direction to the publisher, who was the other consignee, that thereupon the plaintiff was given credit for the prices originally paid by him for the periodicals returned, no credit being given for those not actually received, and that the periodicals in question were being returned under this agreement, the charge paid to the defendant as carrier being that fixed for the original carriage of new magazines and not the much lower charge made for waste or paper stock. It further appeared that when the plaintiff delivered the goods to the defendant he sent to each consignee an invoice containing a list of the periodicals sent and of the prices charged in accordance with the agreement with the news company. *Held*, that in effect the periodicals lost in the hands of the defendant were being resold by the plaintiff to the news company at an agreed price, that there was ample evidence that the invoice price was a *bona fide* one, and that the defendant was bound by its agreement contained in the bill of lading to pay damages computed on the basis of that price.

In the above described action, it appeared also, that when unsold periodicals were returned by the plaintiff to the news company, that company was accustomed to make the plaintiff an allowance for its expenses in handling the goods returned and that this allowance was fixed at a certain rate per pound. It did not appear that the defendant had had any knowledge or notice of this agreement or method of doing business. *Held*, that the allowance for handling the returned goods was not included in the "invoice price" for which the defendant agreed to be liable, and that the plaintiff could not recover it as a part of his damages.

DE COURCY, J. The plaintiff seeks to recover the value of twenty-eight bags of magazines or periodicals, of recent but not current issues, shipped by steamer from Boston to New York on July 14, 1910, and destroyed by fire at the defendant's dock in New York city on July 16, 1910. The case is here by report* on the pleadings and an agreed statement of facts; and the only question involved is the measure of damages.

The contract between the parties, so far as material to the question in controversy, is set out in section 3, on the back of the bill of lading, in these terms: "The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment." If then there was a *bona fide* invoice price fixed between the plaintiff and the consignees of these

---

* By *Hardy*, J., who found for the plaintiff in the sum of $775.36 with interest from July 16, 1910.

goods, that invoice price and not the market value of the magazines as waste paper, is the measure of damages in this action.

It appears from the agreed facts that at the time the plaintiff delivered the merchandise to the defendant it sent to each consignee an invoice containing a detailed list of the magazines sent, and of the prices charged to them for each item. The plaintiff purchased periodicals from the American News Company, one of the consignees; and by an agreement long existing between them the plaintiff paid therefor weekly, subject to a return privilege. Magazines not sold by the plaintiff were returned to the American News Company, or by its direction to the publisher, Tousey, the other consignee, and credit was given on its account with the American News Company for the price the plaintiff originally paid for the periodicals. If for any reason the magazines were not actually received by the American Company, as was the case here, no credit therefor was given to the plaintiff. In effect, the magazines involved in this action were being resold by the plaintiff to the American News Company, according to the agreed price; and the charge paid to the defendant for the shipment was that fixed for the original carriage of new magazines and not the much lower commodity rate for waste or paper stock. There is ample evidence that the invoice price was a *bona fide* one, and the defendant is bound by the agreement into which it voluntarily entered. *Graves v. Lake Shore & Michigan Southern Railroad,* 137 Mass. 33. *Peirce v. American Express Co.* 210 Mass. 383. *Coleman v. New York, New Haven, & Hartford Railroad, ante,* 45.

The defendant admits that it is liable for the value of the bags, which is $18.20.

The American News Company was accustomed to allow the plaintiff for its expense in handling the magazines that it did not sell, such allowance being a fixed rate of one cent a pound on goods returned to Tousey and two cents a pound on goods returned to the American Company. The allowance for handling the goods in question would amount to $74.51; and the plaintiff seeks to recover that sum in this action. We are of opinion that the defendant is not liable for this item. It is not included in the "invoice price" for which the defendant agreed to be liable; and so far as appears the steamship company had no knowledge or notice of this agreement or method of business between the

plaintiff and the American News Company when accepting these shipments.

In accordance with the report, judgment is to be entered for the plaintiff in the sum of $700.85, with interest thereon from July 16, 1910, and taxable costs.

*So ordered.*

The case was submitted on briefs.

*F. J. Horgan & C. F. Hilly,* for the plaintiff.

*C. C. Barton & C. C. Barton, Jr.,* for the defendant.