95

Hattie A. Holden
vs. } No. 41851
Tilden-Thurber Corporation

February 14, 1918

TANNER, P. J. This case is heard upon demurrer to the two additional counts of the declaration.

The first count alleges in substance that the plaintiff entrusted

her pin to the defendant for the purpose of making repairs to it; that the defendant agreed to exercise due care in and about the return of said pin to the plaintiff, and that the defendant failed to use such due care in that it delivered the pin to a common carrier, Adams Express Company, for carriage to the plaintiff without placing any valuation upon the parcel containing said pin. The pin was lost and was of the value of $1200.

The demurrer is argued as though the statute limiting the liability of the Express Company to $50 in case of failure to state the value is admitted.

The defendant cites the case of Stearns vs. Farrand, 60 N. Y. S. 501. There the Court bases its decision against the liability of the shipper upon the ground that the plaintiff assumed to give instructions how to send the ring and he failed to require that the value of the property should be stated, or that it should in any way be guarded or insured against loss or damage.

Defendant also cites the case of Pierce vs. American Express Co., 210 Mass. 383. This was an action against an Express Company. The basis of the decision there was that plaintiff shipped his property by the defendant to the Fosdick Company, and left it to that company to send it back to him without any special instructions or any special authority as to the contract which it should make. That authorized the Fosdick Company to make the usual shipping agreement with the defendant and all the evidence is that it did so.

96

The plaintiff, on the other hand, cites the case of Schlesinger vs. Lennon, 145 N. Y. Sup., 929. The Court's decision was that the delivery of goods by the bailee, known by the bailee to be worth $168, to the Express Company upon a receipt limiting the liability to $50, is an act, which, to say the least, presents an issue for

determination as to possible negligence in the parties' conduct.

Plaintiff also cites Rhind vs. Stake, et al., 59 N. Y. Sup. 42. The Court there held that upon failure to deliver the goods by the bailee to the plaintiff in person, when called upon, and by offering to send them on the following Monday, he assumed the responsibility of their delivery. The bailee had no authority from the plaintiff to accept a limited liability from the Express Company and there was sufficient evidence to sustain the finding that in sending the goods by express, as they did, the bailee was not the agent of the plaintiff and remained liable for non-delivery.

These cases seem to us to at least establish the principle that it is a question of fact, dependent upon all the circumstances of the case, as to whether or not a bailee is guilty of negligence in shipping goods without declaring their value. There might be various circumstances which would appear in evidence to decide this question one way or the other. For instance, the defendant might be able to show that it was the customary and usual thing in the trade to ship goods in this way.

We think the allegation of the loss of the pin is a sufficient allegation of damage.

The second additional count alleges the same contract to use due care to return the pin to the plaintiff. The breach alleged is that defendant didn't use due care in the return of the pin, but delivered the pin to a common carrier with a positive statement that the value of the parcel was not in excess of $50, which statement was untrue, the parcel being of the value of $1200. This is a stronger statement than the one contained in the first additional count and for similar reasons, this, we think, is a sufficient allegation of the cause of action.

Demurrer overruled.

For plaintiff: Green, Hinckley & Allen.

For defendant: Mumford, Huddy & Emerson.