HANCE BROTHERS COMPANY, Appellant, *v.* AMERICAN
RAILWAY EXPRESS COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, June Term —
Filed August, 1921.)*

Carriers — limitation of liability — Act to Regulate Commerce
(Transportation Act. Act of Congress Feb. 28, 1920) con-
strued.

An agreement limiting the liability of a common carrier, as
an insurer, must not include an exemption from liability due to
the carrier's negligence or that of any of its employees acting
within the scope of their employment.

Section 20 of the Act to Regulate Commerce, as amended and
incorporated in its entirety into the Transportation Act of
1920, and which provides that "Any common carrier, * * *
receiving property for transportation, * * * shall issue a
receipt or bill of lading thereof and shall be liable to the
lawful holder thereof for any loss, damage or injury to such
property caused by it, * * * notwithstanding any limita-
tion of liability or limitation of the amount of recovery or
representation or agreement as to value in any such receipt
or bill of lading * * * and such limitation without respect
to the manner or form in which it is sought to be made is
hereby declared to be unlawful and void," renders invalid every
express contract by which a carrier seeks to limit its liability
even though such limitation applies only to its liability as an
insurer.

Certain poultry was delivered to defendant, an express com-
pany, under a contract of interstate shipment which provided
that "Unless caused in whole or in part by its own negligence
or that of its agents, the company shall not be liable for loss,
damage or delay caused by * * * the act of God, public
enemies, authority of law, quarantine, riots, strikes, perils of
navigation, the hazard or dangers incident to a state of war,
or occurrence in customs warehouse." In an action by the con-
signee to recover the value of the poultry which was not deliv-
ered the defendant claimed that as delivery was rendered impos-
sible because of a strike of its employees, it was relieved from

---

* Received too late for publication in proper place.—[REPR.

Appellate Term, First Department, August, 1921.   [Vol. 116.

liability under the terms of its contract. *Held,* that the language of said section of the statute being restricted and limited by the words " caused by it," that is, the carrier, a judgment dismissing the complaint will be affirmed.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing the complaint, after a trial.

Winslow & Budd (Francis A. Winslow and Harold J. Cloutman, of counsel), for appellant.

Edward V. Conwell and James E. Doherty, of counsel, for respondent.

FINCH, J.   There is practically no dispute as to the facts.   The action is to recover the value of certain poultry delivered to the respondent consigned to the appellant, which the respondent failed to deliver. The respondent claims that a strike of its employees rendered delivery impossible and that it is relieved from liability under clause 4d of the express contract between the parties, which reads as follows:

" Unless caused in whole or in part by its own negligence or that of its agents, the company shall not be liable for loss, damage or delay caused by   *   *   *   the act of God, public enemies, authority of law, quarantine, riots, strikes, perils of navigation, the hazard or dangers incident to a state of war, or occurrence in customs warehouse."

There are two aspects of the liability of a common carrier: its common-law liability as insurer, which, broadly speaking, covered loss due to any cause, however blameless the carrier, except the act of God and the public enemy, and its liability due to its own negligence when it is liable in the same manner as an

ordinary bailee.  As to the former, the courts have held that the carrier may by express contract exempt itself, but not as to the latter, for that would be permitting the carrier to relieve itself from loss and damage caused by its own negligence, which is against public policy.  *Dorr* v. *New Jersey Steam Navigation Co.,* 4 Sandf. 136; *Railroad Company* v. *Lockwood,* 17 Wall. 357.

The appellant, however, contends that the Carmack and Cummins amendments to the Act to Regulate Commerce (§ 20 of said act as amended June 29, 1906, Feb. 25, 1909, June 18, 1910, March 4, 1915, and August 9, 1916, and incorporated in its entirety into the Transportation Act of 1920) render invalid every express contract by which a carrier seeks to limit its liability even though such limitation applies only to its liability as an insurer.

The portion of said act material to the present controversy reads as follows: "Any common carrier, * * * receiving property for transportation, * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading * * * and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void."

The determination of the question presented in the case at bar depends upon the construction of the words "caused by it " as used in said act.

These amendments supersede all state regulations as affecting interstate shipments.  *Adams Express Co.* v. *Croninger,* 226 U. S. 491.

The appellant devotes a considerable portion of its

brief to quotations from the Congressional Record, seeking to fortify its contention by means of the language used in the debates during the passage of the amendments in question.   Aside from the fact that the extracts quoted do not as a whole clearly sustain the position urged, it is plain that the views of an individual member of the senate or house in speaking of a measure, do not represent the reasons for the majority support and that the construction of a statute must rest upon the language used therein.   *Maxwell* v. *Daw*, 176 U. S. 581; *United States* v. *Trans-Missouri Freight Association*, 166 id. 290.   Passing then to the words of the amendments we find the language used is restricted and limited by the words " caused by it."   Thus the liability is not left practically absolute (broadly except for an act of God and a public enemy), as contended by the appellant, but there is a very definite limitation in the language used.

It follows that the liability of the carrier as an insurer may be modified by an agreement fairly entered into with the shipper, but such agreement must not include exemption of the carrier from liability due to its negligence or that of any of its employees acting within the scope of their employment. *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *Bernard* v. *Adams Exp. Co.*, 205 Mass. 254.

It follows that the judgment appealed from should be affirmed, with twenty-five dollars costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment affirmed.